## L. H. Davis *et al.* v. T. G. Gosser *et al.*

CONDITIONAL SALE — *Breach of Condition.*   Where a threshing-machine is sold upon a written contract, and one of the conditions contained therein is that if the machine does not do good work the purchaser shall return the same to the place where received, *held*, before the purchaser can recover damages, he must show a return of the machine, or an offer to return the same, or a waiver on the part of the seller of such requirement.

### *Error from Ellis District Court.*

PLAINTIFFS in error brought suit in justice's court against the defendants to recover $200 on a promissory note.    Trial and judgment for the defendants, and the cause appealed to the district court, where a trial by jury was had at the May term, 1886, and verdict was rendered for the defendants for $300; which verdict was set aside and a new trial granted, and the new trial resulted in a verdict for the defendants for $500,

two hundred dollars of which were remitted, and judgment rendered for $300. To reverse this judgment the plaintiffs bring the case here.

*Montgomery & Harris,* for plaintiffs in error.

*David Rathbone,* for defendants in error.

Opinion by CLOGSTON, C.: The note sued on was given in part payment for a threshing-machine. The machine was sold by the plaintiffs to the defendants for the sum of six hundred and fifty dollars, and notes were taken in payment. This sale was made in July, 1882, and the first note was made payable in the October following; others in a year from that time, and some still later. The note in controversy was payable in October, 1883. The machine was sold by an agent who resided in Ellis county. The plaintiffs were residents of Davenport, Iowa. The contract under which the machine was purchased was in writing, and contained the following warranty of the machine:

"The machine ordered herein is purchased and sold subject to the following warranty and agreement: That it is well made, of good materials, and with proper management is capable of doing first-class work; that the purchasers shall have three days to give it a fair trial, and if it should not work well, written notice, stating wherein it fails, is to be given to the agent from whom it is received, and to John S. Davis's Sons, Davenport, Iowa, and a reasonable time allowed to get to it and remedy the defect, if any, (the purchaser rendering necessary and friendly assistance,) when, if it cannot be made to do good work, it shall be returned to the place where received, and a new machine given in its place, or the notes and money will be refunded. Continued possession of the machine shall be evidence of satisfaction — it being understood and agreed that if the purchaser does not make full settlement with cash or approved notes for the machine upon its delivery to him, he thereby waives all claims under this warranty. (No agent has authority to change the above warranty.)"

The defendants claimed damages for a breach of this warranty.

The errors alleged are quite numerous, and many of them

groundless, for the reason that no proper exceptions were saved. This also applies to the instructions of the court, which are complained of, and which in our judgment contain error; but the record fails to show any exceptions taken thereto, except what is contained in a motion for a new trial, and that is not a sufficient objection upon which we can review the instructions of the court. After a careful examination of the entire record, we are forced to the conclusion that the jury were prejudiced against the plaintiffs, and through passion or prejudice returned the verdict they did; but the motion for a new trial is not broad enough to raise that question. Where a record shows error in the instructions, and the verdict is given under the influence of passion or prejudice, it will be examined very carefully for errors, although no proper exceptions are saved to the instructions, and passion and prejudice are not assigned as grounds for a new trial.

Under the written warranty and terms of sale it was the duty of the defendants to notify the local agent in writing, and also the plaintiffs at Davenport, Iowa, if the machine failed to do good work. This they attempted to comply with by giving a verbal notice to the local agent and requesting him to write to the plaintiffs, which he testifies he did do. Afterward an agent came and examined the machine, but there was a conflict of evidence as to whether he came in compliance with the request of the letter written by the local agent, or by the direction of the plaintiffs alone, and therefore we are forced to the conclusion that plaintiffs may have waived such written notice. By the terms of the contract, however, the defendants, in case the machine failed to do good work and was not remedied by the plaintiffs when requested so to do, were to return the thresher to the place where they received it. On this question there was no dispute, and as to the attempt to comply with this requirement there is no conflict. On the second day after they received the machine they did notify the local agent verbally that the machine was not giving satisfaction, and requested him to inform the company of that fact. They then said, "If the machine does not do good work we

will have to return it." This was the only offer made either
to the local agent or to the company to return the machine,
and there is no waiver of this duty shown in this record. It
is true the local agent said, "I have no authority to receive
the machine back." At that time they had no right to return
the machine under the contract, and he had no right to re-
ceive it at that time. They were required to first give notice
to the local agent and to the company, and then allow a rea-
sonable time in which to have it put in order, and then if it
failed to do good work, it was their duty to return it, and
either receive a new machine or their notes in return. This
they never attempted to do. The record shows that the agent
who went out to examine the machine some six weeks or two
months after the machine had been sold, and perhaps longer,
while attempting to regulate the machine, in conversation with
the defendants, they said to him, "If the machine don't do
better work we won't pay for it," and he remarked that if it
did not do good work "you won't have to pay for it," or
"we will not demand payment," and this they say was an
offer to return the machine.

Again, in 1883, when the note sued on was sent to an at-
torney for collection, and he went out to make the collection,
the defendants told him he could take the machine. Plain-
tiffs had a chattel mortgage on the machine and the attorney
had the note and mortgage in his possession for collection, and
he told them that if he took the machine he would take the
same by reason of the lien created by the mortgage, and not
otherwise. This is the only pretense on the part of the de-
fendants of the return of the machine, and we think they
entirely failed to establish that as a fact. They were bound
to return the machine, or offer to return the machine, to some-
body that had a right to receive it, and if by the acts of the
plaintiffs they were prevented from returning it, then of course
they would be relieved of that duty; but no such excuse has
been shown by them, and their evidence entirely fails to show
that defense. In addition to this, the record discloses this
further fact, that they continued to use the machine during the

27—41 KAS.

threshing season of 1882. In October, when the first note became due, they paid it without protest. In January, 1883, they wrote a letter to the plaintiffs for publication, in which they stated that the machine was a good one, one of the best they had known for years. In the summer of 1883 they sold the machine to other parties, and informed the plaintiffs of that fact, directing plaintiffs to send the note due in October, 1883, for collection, and stating that the parties to whom they had sold the machine would pay the interest and renew the note, and that if such purchasers did not pay the interest they themselves would pay it. The machine was used by the parties to whom sold during the greater part of the threshing season of 1883. Taking these facts in connection with the other evidence in the case, we think that before the defendants could recover they would have to show a very strong defense to the notes, and a good right to recover damages, in all of which we think they have failed.

It is therefore recommended that the judgment of the court below be reversed, and the cause remanded for a new trial.

By the Court: It is so ordered.

All the Justices concurring.