## DOUGLASS AXE MANUFACTURING COMPANY *vs.* GEORGE GARDNER.

A vendee of property sold with a warranty may maintain an action for damages for breach of the warranty, without returning the property, although the vendor engages that the article may be returned, if it does not fulfil the contract.

The defendant sold the plaintiffs iron warranted suitable for the manufacture of axes, the quality to be determined by H. In an action for the breach of warranty, both parties gave evidence as to the manufacture of axes; the various processes through which the iron passed; the stage at which the defect therein was discovered, &c. *Held*, that it was a question of fact for the jury whether the decision of H. was made in a reasonable time after the sale.

ACTION upon the case for damages caused by the breach of a written warranty in which the defendant agreed " to deliver to the plaintiffs one hundred tons of iron as soon as convenient within one month, warranted to be suitable for the purpose of manufacturing at the plaintiffs' works, and at least as good as the last sent them, and to be determined by their agent Warren Hunt; if it was not, to be returned at the defendant's expense." The trial was in this court.

The defendant contended that if the iron was unsuitable and not as good as the last sent to the plaintiffs, they might return the iron at the expense of the defendant, and that, upon refusal of the defendant to receive back the iron, the plaintiffs might have sold it and recovered of the defendant the loss by such sale; but that a return at the expense of the defendant was his only liability and the only remedy of the plaintiffs. But the presiding judge, *Metcalf*, J. instructed the jury that the plaintiffs were at liberty to return the iron if not conformable to the warranty, but that they might recover damages for a breach of the warranty if they did not return it.

The defendant contended that the decision of the plaintiffs' agent must have been made within a reasonable time, and that this was a question of law to be determined by the court, but the presiding judge instructed the jury that the question was for them to determine. A verdict was returned for the plaintiffs, and the defendant excepted.

*B. F. Thomas*, for the defendant.

First; The judge ruled that the return at the expense of the defendant was not the sole remedy. The defendant says that there being here an express undertaking for the return of the iron at his expense, a return or offer to return by the plaintiffs within a reasonable time, was necessary to the maintenance of an action on the warranty. Chitty on Contracts, 458; *Adam* v. *Richards*, 2 H. Bl. 573. The judge ruled that no return was necessary.

Secondly; the question of reasonable time was for the court. It is a question of the interpretation and construction of a written contract. The facts being found, this is a question of law. *Tindal* v. *Brown*, 1 T. R. 164, and remarks of judges, 170; Chitty on Contracts, 730, and cases cited; *Kingsley* v. *Wallis*, 2 Shepley, 57; *Wingate* v. *King*, 10 Shepley, 35.

What shall be reasonable time the justices are to determine. It is in its nature a definite period. Com. Dig. Temps, D.

*E. Washburn*, for the plaintiffs.

METCALF, J. When personal property is sold with warranty, the buyer is entitled, although he does not return it to the seller, nor give him notice of its defective quality, to maintain an action for breach of the warranty; or, if an action is brought against him by the seller for the price, he may prove the breach of warranty, either in diminution of damages, or in answer to the action, if the property be of no value. *Fielder* v. *Starkin*, 1 H. Bl. 17; *Poulton* v. *Lattimore*, 9 Barn. & Cres. 359; *Pateshall* v. *Tranter*, 3 Adolph. & Ellis, 103; 2 Smith's Lead. Cas. 15, 17. This is settled and familiar law, and is not denied by the defendant. But he takes the position, that where the seller not only warrants property, but also engages to take it back if it is not what it is warranted to be, the buyer's only remedy, if the warranty is broken, is to return the property; that if he receives and retains the property, he cannot maintain an action for breach of the warranty. The case of *Adam* v. *Richards*, 2 H. Bl. 573, is cited in support of that position. The marginal abstract of that case is thus: " Though on the sale of a horse there is an express warranty by the seller that the horse is sound, free from vice, &c., yet

8*

if it is accompanied with an undertaking on the part of the seller to take the horse again and pay back the purchase-money, if on trial he shall be found to have any of the faults mentioned in the warranty, the buyer must return the horse, as soon as he discovers any of those defects, in order to maintain an action on the warranty, unless he has been induced to prolong the trial by any subsequent misrepresentation of the seller." If by " action on the warranty " is here meant an action to recover damages for breach of the warranty, we cannot assent to the doctrine. When a seller, in addition to a warranty of property, makes a promise to take it back if it does not conform to the warranty, we cannot hold that such superadded promise rescinds and vacates the contract of warranty. We are of opinion that, in such case, the buyer has, if not a double remedy, at least a choice of remedies, and may either return the property within a reasonable time, or keep it and maintain an action for breach of the warranty. And we are not convinced that the contrary was decided in *Adam* v. *Richards*. That case is defectively reported. The declaration is not set forth, nor is an abstract of it given. It is merely said to have been " an action on the warranty of a pair of coach horses." And the report states that the defendant, on the 6th of December, 1794, sold to the plaintiff a pair of horses, with a warranty, in writing, that they were sound, free from blemish, and in no manner vicious, and agreed, in the same writing, to take them back and to refund the purchase-money, if they, on trial, should have any of the faults before mentioned; that the plaintiff found, on trial of the horses, that one of them was vicious and restive, but that he did not return them, and demand back the purchase-money, till the 23d of July, 1795. At the trial, a verdict was found for the defendant; but neither the ground taken by him in defence, nor the ruling or instruction of the judge, is stated. Upon a motion for a new trial, the court said : " Where there was an agreement to take a horse back, if on trial he should be found faulty, though it were accompanied with an express warranty, it was incumbent on the purchaser to return the horse, as soon as the faults were discovered, unless the seller, by any subse-

quent misrepresentation, induced the purchaser to prolong the trial.    That a ' trial ' meant a reasonable trial; but here six months had elapsed, after the horse was known to be restive, and before the return.    The verdict therefore was proper, and ought not to be set aside."    Now it is very clear that unless the action in that case was an action to recover damages for breach of the warranty, what is reported to have been said by the court does not show that they decided that such an action could not be maintained.    It was undoubtedly decided that the action which was brought, whatever it was, could not be maintained.    And that action is said by the reporter to have been " an action on the warranty."    But the action may have been " on the warranty," and yet have been brought to recover back the purchase-money, and not to recover damages for breach of the warranty.    The promise to return the purchase-money was in the same writing with the warranty ; and the purchase-money may have been claimed in a declaration framed on the whole writing and averring a return of the horses, as well as in a count for money had and received.    If such was the claim made in the declaration, we can understand the decision, and see the force of the reason given for it by the court, namely, that the plaintiff had not seasonably returned the horses.    But if the action was brought, not to recover back the purchase-money, but to recover damages for breach of the warranty, and if the decision thereupon was, that such action could not be maintained, we cannot see any legal ground for such a decision.    It is true that the reporter's marginal abstract has been transferred into numerous books ; but we cannot find, after much search, that any court or judge, either in England or in this country, has ever affirmed or recognized the supposed doctrine of that case.    Besides ; if the action was brought to recover damages for breach of the warranty, and not to recover back the purchase-money, why was it necessary, as the abstract states that it was, to return the horses, " in order to maintain " the action ?    Or why should the action be maintainable, as the abstract necessarily implies that it would be, after the return, if it was not maintainable before ?    Supposing the action to have been brough<sup>t</sup>

to recover back the purchase-money, the decision and the reason assigned for it by the court are intelligible and conform to principle and authority. But supposing the action to have been brought to recover damages for breach of the warranty, the decision is not only without precedent or confirmation, but seems to us, as we have already said, to stand on no legal ground. We are therefore quite as ready to believe that the reporter mistook the decision of the court, as that the court mistook the law of the case.

The exception to the instruction to the jury, that it was for them to decide whether Hunt made his decision within a reasonable time, is presented abstractly, and might therefore be overruled on the ground that it does not necessarily show that the instruction was wrong. But it is found, on recurring to the minutes of the judge before whom the cause was tried, that both parties introduced evidence as to the manner in which the plaintiffs manufactured axes; the various processes through which the iron passed; the stage at which, in the progress of manufacture, the defect in the iron was discovered; and the experiments tried for the purpose of ascertaining whether the defect was in the workmanship or in the iron. It was therefore a case in which the question, whether Hunt's decision was made within a reasonable time, was for the jury to decide, upon all the evidence. *Okell* v. *Smith*, 1 Stark. R. 107; *Greene* v. *Dingley*, 11 Shepley, 131; *Spoor* v. *Spooner*, 12 Met. 285.

*Exceptions overruled and judgment on the verdict.*