Seiberling & Co. *v.* Rodman.

Filed February 21, 1896.

---

No. 1,580.

### SEIBERLING & CO. *v.* RODMAN.

PLEADING.—*Demurrer.*—A demurrer to a paragraph of an answer is properly overruled where it is good as an argumentative denial.

APPELLATE PROCEDURE.—*Admission.*—*Exception to Conclusions of Law.*—The correctness of all the facts found which are properly within the issues is admitted by excepting to the conclusions of law.

Seiberling & Co. *v.* Rodman.

SAME.—*Dismissal.— Issue of Fact.—Denial Under Oath by Appellant.*—An appeal will not be dismissed on a motion by the appellee raising an issue of fact, where appellant denies under oath any material fact adduced in support of the motion.

BURDEN OF PROOF. — *Evidence. — Purchaser of Machine. — Warranty.*—A purchaser of a machine under a warranty who relies upon a breach thereof as a defense to an action on the contract, has the burden of showing compliance on his part with the terms of the contract.

SALE.—*Warranty.—Reaping Machine.—Notice.*—A purchaser of a machine under a warranty requiring him to give notice of any defects and allow a reasonable time to remedy them cannot avail himself of the benefits of the warranty, where he returns the machine on the day after giving notice of defects and before such notice has been received by the seller and refuses to give it further trial.

From the Washington Circuit Court.

*H. Morris, J. H. Bradley, D. M. Alspaugh* and *J. C. Lawler,* for appellant.

*Zaring & Hottel,* for appellee.

Ross, J.—The appellant brought this action against the appellee, to recover the sum of $120, alleged to be due under a written contract, for an Empire reaping machine, sold by appellant to appellee. To the complaint the appellee filed an answer in several paragraphs, and to the special paragraphs of the answer appellant replied.

The first specification of error assigned questions the sufficiency of the second paragraph of appellee's answer. This paragraph of the answer alleges a want of consideration. We think there was no error in overruling the demurrer to this paragraph, inasmuch as it is good as an argumentative denial, if for no other purpose. *Dickson* v. *Lambert,* 98 Ind. 487 ; *Sohn* v. *Jervis,* 101 Ind. 578 ; *Leary* v. *Moran,* 106 Ind. 560.

The second, third and fourth specifications question

the ruling of the court below in overruling the demurrer to the third, fourth and fifth paragraphs of the answer.

We are not called upon to consider the sufficiency of the third paragraph of the answer for the reason that the court specially finds that the 'finding rests upon the complaint, and the first, second, fourth and fifth paragraphs of the answer and the replies thereto.

The fourth and fifth paragraphs of the answer, of which the latter, while filed as an answer, proceeds upon the theory of a cross-complaint, seek to set up a breach of the warranty contained in the contract of sale sued on. The material allegations of both paragraphs are very similar, those of the fifth being more specific, however, in some respects than those of the fourth. In each of the answers before us the defendant alleged specifically wherein there was a breach of the warranty, in that the machine was not well made or of good material; that it was made of too light material, and of an inferior grade, and in heavy grain it would and did temple, and lock the wheel and drag, and would and did bend, spring and brake, "and was defective in all its parts," etc. It was also alleged that it did not do good work, in that it did not tie bundles of grain, but would choke up in the elevator as the grain came over the deck board, and in light wheat the grain would run under the platform canvas and stop it; that the tension was too loose, and for that reason when it did tie bundles it did not tie them tight enough; that grain would drop between the platform canvas and elevator canvas, and not only wasted a great part thereof but it would get under the canvas and choke the machine so that it would not work.

It has been held repeatedly that an answer based upon a breach of the warranty in the sale of a machine,

such as is contained in the contract here sued on, is not sufficient where it simply alleges that the machine would not do good work and could not be made to do so, without alleging specifically wherein it failed to comply with the warranty.    *Aultman, Miller & Co.* v. *Seichting,* 126 Ind. 137, and cases cited.

The answers filed by the appellee specifically allege wherein the machine is not as warranted, and does not do the work in the manner warranted.    A similar answer was held good in *Seiberling & Co.* v. *Tatlock,* 13 Ind. App. 345.

The cause was tried by the court without the intervention of a jury, and at the request of appellant, a special finding of facts made with conclusions of law thereon.

The fifth specification of error is, that "The court erred in its conclusions of law."

By excepting to the conclusions of law the appellant admits the correctness of all the facts found which are properly within the issues.    Facts found which are not within the issues, or mere evidentiary facts or legal conclusions embraced in the special finding, must be disregarded in considering the sufficiency of the facts found to sustain the conclusions of law or a judgment rendered thereon.

The facts properly found by the court, within the issues, are as follows:    That on the 27th day of May, 1893, the appellant by its agent, John C. Grubb, entered into a contract in writing with the appellee, whereby it sold to him an Empire machine, which it warranted was well made, of good material, and if properly managed would do good work;    that the appellee was to be permitted to have one day's trial of the machine in the harvest field to see that it worked properly;    that if upon such trial the machine did not do good work he

was to give written notice both to the agent from whom he received the machine, and to the appellant at Akron, Ohio, stating wherein the machine failed to do good work, and that after the giving of the notice the appellant was to be allowed a reasonable time to get to the machine and remedy any defects, the appellee agreeing to render necessary and friendly assistance to the person sent to look after and repair or adjust the machine; that if the appellant could not make the machine do good work, appellant would either give him another machine, or appellee could return the one he had to the place where he received it, and appellant would refund him his money or notes; that if the machine sold was properly made, etc., and did good work, appellee agreed to pay appellant therefor on the 1st day of September, 1893, the sum of $120.

The court further finds that on the 26th day of June, 1893, the appellee tried the machine, the appellant's selling agent Grubbs, having been requested to be present at that time, but was not present, and although the machine was given a fair trial, and was properly managed it failed to do good work, in that "it did not save all the wheat cut, but scattered and allowed to fall through and off the aprons of the machine onto the ground, about ten per cent. of the wheat, and failed to bind a still larger per cent., discharging bundles upon the ground not bound; and as to a still larger per cent. of the bundles the machine bound them too loosely;" that the machine frequently choked and bound unusually small bundles and left them fastened together; that the reason the machine did not do better work was due wholly to its defective construction, and that "it could not be made to do good work without remodeling and reconstruction; that on the 27th day of June, the appellee sent word by an employee to the home of appel-

lant's selling agent, with instructions to tell him that the machine did not do good work, and to ask that he come and make it do good work, but that such agent could not be found, and thereupon word was left at his resi- dence; that the appellee continued to use the machine until about noon of the 29th, when appellant's agent came, but failed to remedy the defects, or to make the machine do good work; that after the failure of appel- lant's agent to make the machine do good work appellee did not longer use the machine, but procured a neigh- bor's machine to complete his harvesting; that on the 5th day of July, appellee notified appellant's agent in writing that the machine did not do good work, and that it was worthless and that he would return it.   On the same day he mailed a copy of the notice to the appellant at Akron, Ohio, which notice was received, and on the 8th day of July, appellant responded that it would send a man to adjust the machine and make it do good work, but before appellee received said response from appellant, to-wit, on the 6th day of July, he returned the machine to the place where he had received it; that on the 11th day of July, appellant's travel- ing agent, who was sent to adjust the machine and make it work, requested appellee to again take the machine to his farm and offered to make it do good work, or in event he did not succeed in making it do good work, that appellee need not pay for it, but appellee rejected the offer and refused to take the machine again.

It is very earnestly insisted on the part of counsel for appellant that the facts found failed to show a com- pliance on the part of appellee with his part of the con- tract sued on.

Under the issues formed, the burden rested upon the

appellee to prove a breach of the warranty. The appellant's case *prima facie* was made out when it established the contract, the delivery of the machine, and the amount still due under the terms of the contract, and if the appellee relied upon a breach of the warranty to defeat appellant's right of recovery, the burden was upon him to prove it. The contract under the terms of which the appellee purchased the machine, and by which the appellant warranted the machine sold, gave the appellee time to try it and see whether or not it did good work, and if upon such trial it did not do good work, the appellant was to be notified and given an opportunity to remedy the defect, and make the machine do good work or to replace it with another machine. While the appellee had a right to test the machine the appellant was to have an opportunity to make it do good work, in case appellee's test was unsatisfactory, before there could be a breach of the warranty. The appellee's agreement was to give the appellant notice if the machine failed to do good work, and appellant was to have a "reasonable time to get to it and remedy the defect." The appellee could not declare a breach of the warranty until he had given the notice he agreed to give, and had allowed appellant, after the receipt of such notice, a reasonable time to get to the machine and to remedy the defects. The giving of the notice and allowing of a reasonable time to the appellant for remedying the defects were conditions precedent to the right of appellee to declare a breach of the warranty. *Brown* v. *Russell & Co.*, 105 Ind. 46 ; *Campbell* v. *Wray*, 5 Ind. App. 155 ; *Aultman & Co.* v. *York*, 20 S. W. Rep. (Texas) 851 ; *Fahey* v. *Esterley Harvesting Machine Co.*, 55 N. W. Rep. (N. D.) 580 ; *Sandwich Mnfg. Co.* v. *Feary*, 51 N. W. Rep. (Neb.) 1026.

The appellee did give notice, not immediately after he tested the machine, nor even after he had used it for four days, but not until ten days after he knew that it would not do good work.  He then gave notice, and without waiting or giving appellant time or opportunity to get to and remedy the defects he returned the machine to the place where he received it, and when appellant's agent offered to remedy the defects and to make the machine do good work as warranted, appellee refused to permit the repairs to be made or to accept the machine.   It was only upon appellee's giving notice in writing to appellant's selling agent and to appellant at Akron, Ohio, and their failure after reasonable time to make the machine work properly, that appellee could avail himself of the warranty.   If he failed to give the notice or to allow reasonable time to remedy the defects the warranty is not effective.   The warranty is conditional, being dependent upon something which appellee is to do, hence before he can avail himself of its benefits he must have performed the things upon which the warranty rests.   Unless appellee has complied with his part of the contract there is no breach on the part of the appellant.

In *Weise* v. *Birdsall Co.*, 35 Mo. App. 229, which was an action to recover for a breach of a warranty in the sale of a threshing machine the contract of sale requiring notice to be given to the agent selling and to the company at Auburn, N. Y., if the machine failed to work as warranted, and notice only having been given to the agent, the court says, "No principle of law is better settled in respect to such conditions in these machine contracts, than that they are conditions precedent to be observed and performed by the purchaser, and he must show a fair and reasonable compliance

with the contract on his part or he will not be permitted to enforce it against the contractor."

In *Fahey* v. *Esterley H. M. Co., supra,* the court says: "To recover, it was incumbent on plaintiff to show that he had performed all the conditions precedent of the warranty to be performed on his part. This he did not do. Mere breach of the warranty did not entitle him to rely upon its promises. He must have taken action to hold the defendant to its warranty after a breach. It is only upon giving written notice to the agent from whom he received the machine (notice was given to the agent from whom the machine was purchased) and also to the Esterley Harvesting Machine Company, at White-water, Wis., that he is allowed to avail himself of the warranty. Failure to give such notice, it is provided, is conclusive against the purchaser's right to rely on the warranty. The same even handed justice which requires the defendant to keep its promise demands of the plaintiff that he perform his part of the agreement. Neither will it do to assert that notice to the company, in addition to notice to the agent from whom the machine was received, was of no value to the company. The plaintiff has foreclosed all inquiry into that question by agreeing to give such notice. Nor is it difficult to conceive of good reasons for requiring this additional notice."

In *Sandwich Mnfg. Co.* v. *Feary,* 33 N. W. Rep. (Neb.) 485, which was an action to recover the purchase price of certain harvesters and binders, and to which the defendant set up a breach of the warranty, which the company made in the sale of the machines, it provided in the contract of the sale that "if upon starting the machine, it should in any way prove defective, or fail to work, the purchaser shall give prompt written notice to the agent from whom he purchased it, and allow

sufficient time for a person to be sent to put it in order, and the defective part, if any, replaced (the purchaser rendering necessary and friendly assistance).   If then it cannot be made to work, the machine shall be returned, etc., the court, after stating that while the company was entitled to the notice provided for in the contract, it might waive such notice and accept verbal notice, continuing, says :

"The language of the contract of warranty is, the defendant should 'allow sufficient time for a person to be sent to put it in order,' etc., after the giving of the notice.   The word 'sufficient' as here used, means reasonable ; a reasonable time under the circumstances, which must have been within the contemplation of both parties when entering into the contract.   While it must have been within the contemplation of the parties that the plaintiff would have one or more persons competent to put the machine in order in their employ, or accessible to them, somewhere within the radius of the operations of the Seward agency and business, it cannot reasonably be supposed to have been within their contemplation that it would have in its employ an expert machinist to every machine, waiting the result of its trial by the purchaser.   So that, in my opinion, this sufficient time must be considered to mean a reasonably sufficient time to call in from the country, wherever he might reasonably be expected to be engaged in similar work, the person, or one of the persons employed by the plaintiff company for such service, and send him to the farm of the defendant. Now, then, upon the theory which we are now considering, and taking the view of the case most favorable to the defendants possible upon the evidence—which it must be admitted is our duty to do—were the jury warranted in finding that later than half past 1 or 2 o'clock of the

day following that on which the verbal notice was given, at about 6 o'clock in the evening, was more than a sufficient or reasonable time to give for the purpose contemplated?   I think not."

The case of the *Nat'l Bank and Loan Co.* v. *Dunn,* 106 Ind. 110, is not in conflict with our holding in this case.   In that case, while it appears that in the contract of·sale in which the engine sold was warranted, it was provided that if upon a fair trial of one week it should not work well, notice in writing was to be given by the purchaser to the manufacturers, stating wherein it failed to do good work, it also appeared that the manufacturers did know of its defective condition, and that it did not do good work, although no written notice thereof had been given;  that they made several attempts to remedy the defects and to make this engine work properly, but failed, hence the court held substantially that having actual knowledge of the defects and having tried to remedy them and failed, no further notice was necessary.

The facts found by the court fall far short of showing a compliance by appellee with the conditions contained in the contract, which it was necessary that he comply with before he could claim a breach on appellant's part of its warranty.

The counsel for appellee argue at considerable length that no notice in writing was required as provided in the contract for the reason that notice had been waived by appellant's selling agent.

It may be assumed that the appellant could waive the giving of the written notice provided for, but the facts found, instead of showing a waiver, show that appellant's said selling agent told appellee when he served the written notice on him that he was then proceeding in the proper manner to bind appellant by

Seiberling & Co. *v.* Rodman.

their warranty.    Without a finding that appellant waived the giving of the written notice, it cannot be inferred that no notice was necessary.    The burden was upon appellee to show a compliance with his part of the contract or a legal excuse for his non-performance.

Having failed to do so he is not entitled to recover.

A motion has been filed by the counsel for the appellee to dismiss the appeal in which they seek to raise an issue of fact which would require this court not only to hear evidence *pro* and *con*, but would also require it to weigh conflicting testimony and determine which side has a preponderance upon a question which could in no manner affect the judgment appealed from.    If we are to pass upon the motion in the light of the evidence now before us, it must be overruled inasmuch as the appellant denies under oath each and every material fact adduced in support of such motion.    The motion to dismiss is, therefore, overruled.

The cause is reversed, with instructions to the court below to grant appellee a new trial if applied for within ninety days, and leave to both parties to amend their pleadings.

Filed March 3, 1896.

## CONCURRING OPINION.

DAVIS, J.—If the answer alleged that the reason the machine did not do the work it was warranted to do was due wholly to its defective construction, and that it could not be made to do good work without remodeling and reconstruction of the machine, the finding would sustain the conclusion of law.    In such event it would have been useless for appellee to take the machine to his farm at the request of the agent for further trial. Therefore, in the absence of such averment in the answer, I concur in the result.    If it is true that the

appellant has, through its selling agent or other agent, appropriated or sold the machine returned by the appellee, the appellant will not be entitled to recover.

Filed March 3, 1896.