THE F. C. AUSTIN MANUFACTURING COMPANY *v.* CLENDENNING ET AL.

[No. 2,707. Filed January 25, 1899.]

APPEAL.—*Bill of Exceptions.*—A motion and affidavit in support thereof are not made part of the record by indicating their place in the bill of exceptions by the words "here insert," though they are copied elsewhere in the transcript. *p. 460.*

CONTRACT.—*Breach.*—*Complaint.*—In an action for breach of a written contract by the terms of which defendant warranted a machine sold by him, and agreed if it did not fulfil the warranty he would receive it back, and cancel the notes executed in payment therefor, a complaint is not sufficient which does not show by proper allegations that the plaintiff offered to return the machine and cancel the contract. *pp. 463-465.*

PLEADING. — *Complaint.* — *Definite Theory.* — A complaint should be drawn with such exactness that a definite theory of action may be clearly manifested therein. *p. 465.*

From the Jefferson Circuit Court. *Reversed.*

*W. D. Ward,* for appellant.

*F. M. Griffith,* for appellee.

BLACK, C. J.—The appellant has assigned as error the overruling of its motion to set aside the service of process upon it. In the bill of exceptions by which it was sought to save the appellant's exception to this ruling, the motion and affidavits in support thereof are not set out. They are mentioned, and at the places where they should have been but are not copied into the bill, the words "here insert" are written in parentheses. That they cannot thus be made a part of the record, though copied elsewhere in the transcript by the clerk, is a matter so often decided that we need only mention it.

The complaint of the appellees, Oliver S. Clendenning and Joseph H. Hart, was against the appellant and one Benjamin L. Blair, spoken of in the complaint as an agent of the appellant. A demurrer of said Blair to the complaint was sustained, and he had judgment in his favor. The demurrer of the appellant to the complaint for want of sufficient facts was overruled, and this is assigned as error.

In the complaint it was shown that said Clendenning and Hart contracted with the appellant for one No. 4 Austin Rock Crusher, for which said Clendenning and Hart executed their note, payable to said Blair for $1,000, due ninety days after date, payable at Vevay Deposit Bank of Vevay, Indiana, which note was by said Blair at once transferred to the Merchants National Bank of Indianapolis; that Clenden-

ning and Hart executed a written order addressed to the appellant. The order is set out in the body of the complaint. It was dated September 25, 1895, at Vevay, Indiana; and by it the appellant, at Chicago, Illinois, was requested to ship to Clendenning, at Vevay, about the 1st of October, 1895, one No. 4 Austin Rock Crusher, for Clendenning and Hart, who, by the terms of the order (which was signed by them), agreed to pay freight charges, and, at their own expense for power, cartage, assistance, etc., give it a fair and thorough trial, under conditions stipulated by F. C. Austin Mfg. Co., and under direction of its agent, should it send one. Clendenning and Hart, by the terms of the order, further agreed that, if the crusher should equal the capacity of fifteen to twenty tons per hour, they would pay the appellant, or order, $1,000, with interest at six per cent., payable in ninety days; that, if the crusher should not do the work so represented, Clendenning and Hart should notify the appellant, in writing, at Chicago, of such failure, and if, within thirty days from the receipt of said notice the appellant should fail to make said crusher do the work so represented, then the appellant agreed to refund the freight charges, and receive back the crusher at the railroad station from which it was taken, and cancel said contract. It was stipulated in the order that it embodied the entire understanding, and that it was not subject to countermand, and was not to be affected by any verbal agreements. It was further alleged in the complaint, that the crusher would not, with ordinary diligence, and with a sufficient force, break from fifteen to twenty tons of rock per hour; that the pitman was not properly adjusted; that there was a defect in the material, by reason of which the same broke; that the elevator frequently broke, and that many other parts were defect-

ive; that, acting under the belief that the crusher would work properly, and would be fully up to the warranties and representations made by the defendants, said Clendenning and Hart made all arrangements for the crushing of the stone for four and one-half miles of a certain road; that they caused to be hauled 15,000 perch of rock at convenient places along the road, to be crushed by the crusher; that, upon the arrival of the crusher at the wharfboat at Vevay (the date not being stated), they paid all freight and wharfage, and caused the crusher to be conveyed to said road; that they set it up, ready for operation, and secured the proper power, and sufficient hands, at an expense of $15 per day, to operate it; that it would not do, and they could not make it do, the work so represented; that in November, 1895, and in February, 1896, Clendenning and Hart notified the defendants, by sending written notice thereof to Benjamin L. Blair, agent of said defendant company at Indianapolis, who forwarded notice thereof to said defendant company at Chicago, in writing, and also by notifying said defendant at Chicago, in writing, that said crusher would not do said work; that said defendant sent three different agents, and experienced workmen, who made some minor changes in the machine, and who made three attempts to make it come up to the requirements, and left without making the crusher come up to said warranties; "that while endeavoring to operate said crusher, one of the heavy iron jaws of the pitman broke, showing that the crack therein was of long standing and was defective when sold;" that they at once notified defendant of said breakage; that they were compelled to abandon the effort to break the necessary rock with said crusher to complete said road. Certain damages are alleged as suffered by Clendenning alone, which need not be set forth. It

was alleged that, if the crusher had been as warranted and represented, it would have been worth $1,000, but that, in the condition in which it was delivered, it was worth not more than $500. It was further alleged that it was agreed specially by the defendants that if, after a fair trial said crusher would not do the work represented, then the defendants would refund freight charges, and receive the crusher back at the Vevay wharfboat, cancel the contract, and surrender the note given therefor; that the note given in payment for the crusher was executed upon the express agreement, and Clendenning and Hart were induced to hold the crusher by reason of the defendant's agreement. that they would make the crusher come up to said representations; that Clendenning and Hart gave the crusher a fair trial long before the note came due, notified the defendant that it would not do the work represented, and demanded that the contract be canceled, but the defendant immediately upon receiving said note transferred it to an innocent purchaser, and put it out of their power to carry out said agreement; and that Clendenning and Hart had paid the note in full. Damages in the sum of $1,500 were demanded.

It was necessary, in order to state a cause of action, to show not only a breach of the written contract on the part of the defendant to the damage of the plaintiffs, but also performance on the part of the plaintiffs of all stipulations, upon the doing of which by them their right of action depended, or to show a subsequent contract, upon a sufficient consideration and performance thereof on the part of the plaintiffs, with the defendant's failure to perform, to the damage of the plaintiffs. The complaint shows that the crusher would not do the work which under the contract it was to do. The written contract provided that, if the crusher should not do the work represented, that is,

crush from fifteen to twenty tons of rock per hour, the plaintiffs were to notify the appellant, in writing, of such failure, and that if, within thirty days from the receipt of said notice, the appellant should fail to make the crusher do the work as represented, the appellant would refund the freight charges, and receive back the crusher at the railroad station from which it was taken, and cancel the contract. The complaint shows that upon notice the appellant sent men, who failed to make the crusher perform as warranted. It is alleged that the plaintiffs paid the freight charges, but the amount thereof is not stated. It is also alleged that the plaintiffs demanded that the contract be canceled, but that the defendant, immediately upon receiving the note, had transferred it to an innocent holder, and that the plaintiffs had paid it. The fact of payment would not necessarily have prevented or excused performance by the plaintiffs of the conditions of the contract. The written contract stipulated that, if the crusher should be equal to the capacity of fifteen to twenty tons per hour, the plaintiffs should pay the appellant, or order, $1,000, with interest at six per cent., payable in ninety days. It was a condition that such payment should be dependent upon the crusher having such capacity. To the extent to which it failed, the plaintiffs, who had paid for it in full, are damaged, if they retain the machine. It is stated that the plaintiffs demanded cancelation, but it is not further shown what response the appellant made, if any, or that there was a tender of the crusher at the place mentioned in the contract, or an offer to return the crusher, or a refusal on the part of the appellant to accept it. It would seem that, to entitle the plaintiffs to recover damages, upon the written contract, they should show that all had been done by them which by its terms was necessary to place

F. C. Austin Mfg. Co. v. Clendenning.

the appellant in default. We cannot arbitrarily determine that any lawful stipulations which parties to a written contract may embrace therein are wholly unimportant. If one agrees that after a trial of a purchased article shall have proved its want of certain capacity, upon which its price is regulated, it shall be received back by the seller, and the contract shall be canceled, the purchaser cannot of himself determine that this is an immaterial part of the contract, and, without complying with it on his part so far as he can do so, demand damages for the inferiority of the article retained by him.

If it be true, as some portions of the argument would seem to indicate, that there was reliance upon an oral agreement made between the parties after the crusher had been tested, under which the machine was to be retained by the plaintiffs, such agreement should have been made the basis of the complaint. And, if it was the purpose to show such a subsequent agreement in the pleading, it is not sufficiently stated. The pleading should be drawn with such exactness that a definite theory of the action may be clearly manifested therein. See *Ohio, etc., Co.* v. *Hensel*, 9 Ind. App. 328; *Springfield, etc., Co.* v. *Kennedy*, 7 Ind. App. 502; *Davis* v. *Gosser*, 41 Kan. 414, 21 Pac. 240.

The judgment is reversed, and the cause is remanded, with instruction to sustain the demurrer to the complaint.