## John A. Cook v. M. P. and S. E. Lantz.

1. BREACH OF WARRANTY—*when action for, properly brought.* Where the plaintiff purchased of the defendant a bull with the understanding that if as a breeder he was not up to warranty the plaintiff has the right, where such bull is not up to warranty, either to return the bull or, as in this case, to bring suit for breach of warranty.

2. OFFERS OF COMPROMISE — *when admission of evidence of, will not reverse.* Where the complaining party has introduced such evidence he cannot complain of the introduction of like evidence by the other party to the controversy.

Action of assumpsit. Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1904. Reversed and remanded. Opinion filed October 14, 1904.

JOSEPH F. SLEEPER and PEIRCE & PEIRCE, for appellant.

WELTY, STERLING & WHITMORE, for appellees.

MR. JUSTICE GEST delivered the opinion of the court.

Cook, the plaintiff in this suit, is a farmer and stock raiser residing at Oxford in Indiana; the defendants Lantz are breeders of Angus cattle at Carlock in McLean county. Plaintiff owned and had upon his farm in Indiana a herd of twenty-five cows, and in July, 1902, purchased a bull from the defendants for breeding purposes with his herd of cows, paying therefor the sum of $250. At and before the purchase, the plaintiff informed defendants that he was buying the bull to breed to his said cows, and defendants warranted the bull to be a breeder. Plaintiff bred the bull

to his cows during the summer and fall of 1902, but no one of the cows became with calf. This suit is upon the warranty; verdict was for defendants and judgment thereon.

The contract of purchase was not in writing. Defendants claim, and one of them testified, that in the contract of sale it was provided, "By giving the bull the proper treatment a breeding bull should have, we guarantee him a breeder; if not a breeder, we will give him another bull equally as good, providing he returns the bull to Carlock, and if we could not satisfy him with another bull, we would return him the money." The other defendant testified, in substance, the same. The plaintiff denies that anything was said about his returning the bull and getting another or the purchase money in case the bull proved to be not a breeder.

The third instruction given in behalf of defendants is as follows: "The court instructs the jury that if you believe from the evidence in this case that the terms of the guarantee upon the sale of the bull in question were that if said bull did not prove to be a breeder, that the plaintiff should return the bull to Carlock, and if the defendants had another bull as good, satisfactory to the plaintiff, he should have said bull, and if they did not have such a bull, satisfactory to the plaintiff, that they should then return the purchase money to the plaintiff, then under such guarantee, if shown by the evidence, before the plaintiff can recover in this case, he must prove that he has complied with the terms of such guarantee, and if he has failed to make such proof, then your verdict should be for the defendant."

The fourth is as follows: "The court instructs the jury that the law is that if these parties entered into an agreement whereby the defendants sold to the plaintiff a bull, and that said agreement provided that in case the bull failed to be a breeder, then the defendants should furnish another one equally good, and one satisfactory to the plaintiff, or refund the money upon the return of the bull in question, then this contract fixed the defendants' liability in case the bull failed to be a breeder, and their liability

is only to the extent of furnishing the other bull as agreed upon or refund the money upon the return of this bull; and if you believe from the evidence in this case that such was the contract between the parties, then the plaintiff was in duty bound to return said bull if he was not a breeder, before he is entitled to recover."

For the purposes of this consideration we may take the version of the contract as given by the defendants, and above quoted, to be the correct one; yet it does not justify this verdict. The opinion of this court in the case of Kemp et al. v. Freeman, 42 Ill. App. 500, is in point. In that case the contract was in writing and as follows: "We warrant the animal to be sound and healthy, and in every respect an average breeder, and in case he fails to be an average breeder we agree to take him back and replace him with another horse of equal value and merits." In construing that contract we said: "Clearly the buyer has the option of an action on the breach for damages, or to return the horse and receive another in his stead. He selected an action at law for damages, and no reason is known why he cannot maintain it."

This record discloses the same situation. The defendants gave the plaintiff the privilege of returning the bull and getting another if they could satisfy him, or if not, his money back. That is, they agreed to rescind the sale, if he so chose. Without such agreement plaintiff could pursue no other course than to sue on the warranty. One party to a contract cannot rescind it. The consent of both parties is necessary to a rescission. The court in refusing a new trial evidently considered either that the contract as proven in terms required the plaintiff to return the bull purchased before he could maintain any suit, or that the provision that defendants would upon return of the bull furnish another bull or repay the purchase price, in legal effect required the plaintiff so to return the bull purchased before he could maintain a suit. Such a view of the evidence as disclosed by this record is manifestly erroneous. The contract as proven simply gave the plaintiff an option.

It imposed no obligation on him to return the bull. Counsel for appellee in their argument place within quotation marks what they say was the testimony of defendants as to the contract, as follows: "We guarantee the bull a breeder if he is properly treated, and if he should fail to be a breeder you shall return him to us and we will give you another if we have one satisfactory; if not we will refund the money." No such words as "shall return him to us" nor the substance thereof are to be found in the record.

Complaint is made by appellant of evidence on the part of appellees relative to tender, attempts at settlement, and letters written by appellees to plaintiff. As to the evidence relative to conversations between appellant's attorney, Sleeper, and defendants, it suffices to say that the fault lies with appellant; he opened the door; he put Mr. Sleeper on the witness stand, who testified about conversation concerning compromise with defendants. Defendants testified about the same conversation. The testimony, both of Sleeper and defendants, was wholly beside any issue in the case and the court might well have stricken out Sleeper's testimony on its own motion and then have refused defendant's testimony on the subject. As to testimony of defendant M. P. Lantz, of a conversation between him and plaintiff, it is sufficient to say that no objection appears to have been made thereto; and the same may be said of most of the testimony of the witness Brumback. Some objections to Brumback's testimony were made and they should have been sustained. The evidence also offered by appellees to prove tender was objected to and should have been excluded. It was wholly irrelevant. The letters of appellees to appellant which were offered in evidence by appellees were in reply to letters introduced by plaintiff, and were as relevant to the issues as the letters offered by plaintiff. Plaintiff again opened the door and defendants again entered. All the letters on both sides were incumbrances upon the record. Appellees state in their brief that they have assigned cross-errors upon the instructions relative to the measure of damages, but we find no cross-errors in the

abstract.  The subject is not before us.  We have not examined those instructions.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*