# J. I. CASE THRESHING MACHINE COMPANY *v.* BADGER ET AL.

[No. 8,207. Filed June 3, 1914.]

1. SALES.—*Warranty.—Breach.—Buyer's Remedy.*—In case of an executed sale of specific chattels under a warranty, the contract of sale can not be rescinded for a mere breach of warranty unaccompanied by an agreement to rescind, but the buyer's remedy is to retain the property and recover his damages for the breach in an affirmative action, or by way of counterclaim if sued for the purchase price. p. 403.

2. SALES.—*Contracts.—Breach of Warranty.—Remedies.*—Where a contract of sale provides for the return of the article sold and a rescission of the contract in case it fails to comply with the warranty, the remedy will be enforced as provided; and if the agreement is so worded as that the buyer may return the prop-

erty, or that the seller agrees to receive it back if not in accordance with the warranty, the buyer may either avail himself of the special remedy provided by the contract, or waive it and sue at law for the breach of warranty. p. 404.

3. SALES.—*Contracts.—Breach of Warranty.—Remedies.*—Under the provision of a contract for the sale of a threshing machine, that in case any machine, attachment or part included in the order failed to comply with the warranty, it should be the duty of the buyers to return the same to the place where it was received, that thereupon the seller might either substitute another such machine, attachment or part that would comply with the warranty, or return the notes and money for same and rescind the contract to such extent, and that in no event should the seller be liable otherwise than for the return of the cash and notes actually received, the remedy for a breach of the warranty was exclusive; and where the buyers had accepted and operated the machine for three threshing seasons, they could not, in the absence of proof of any attempt to rescind, recover damages for an alleged breach of the warranty, even though after discovering the defects they retained such machine at the instance of defendant who requested that they give it further trial. pp. 405, 406.

4. SALES.— *Contracts.— Waiver.— Breach of Warranty.—* Under a contract for the sale of a threshing machine, providing for a return of any part not found to comply with the warranty, the act of the seller, after notice of defects, in sending its agents to remedy such defects and requesting the purchasers to give the machine further trial, was not a waiver of the seller's right to have the machinery returned and the contract rescinded in the manner prescribed, though it might be a waiver of the time within which such return was to be made. p. 405.

From Perry Circuit Court; *William Ridley,* Judge.

Action by William C. Badger and others against the J. I. Case Threshing Machine Company. From the judgment rendered, the defendant appeals. *Reversed.*

*William M. Waldschmidt* and *Norman E. Patrick,* for appellant.

*Ewing, Roose & Paris* and *Dennis F. Seacat,* for appellees.

LAIRY, J.—The record in this case discloses that in June, 1906, appellant sold and delivered to appellees a threshing machine outfit, taking in settlement certain promissory notes secured by chattel mortgage on the property sold. The machinery was sold under the following written warranty:

"Said machinery is purchased upon and is subject to the following mutual and independent conditions and none other, namely: It is warranted to be made of good material, and durable with good care, to do as good work under same conditions as any made in the United States of equal size and rated capacity, if properly operated by competent persons with sufficient steam or horse power, and the printed rules and directions of the manufacturers intelligently followed. If by so doing, after trial of ten days by the purchasers, said machinery shall fail to fulfill the warranty, written notice thereof shall at once be given to J. I. Case Threshing Machine Company, at Racine, Wisconsin, and also to the agent through whom received, stating in what parts and wherein it fails to fulfill the warranty, and reasonable time shall be given to said company to send a competent person to remedy the difficulty, the purchaser rendering necessary and friendly assistance, said company reserving the right to replace any defective part or parts and if then the machinery cannot be made to fill the warranty, the part that fails is to be returned by the purchaser, free of charge to the place where received, and the company notified thereof and at the company's option another substituted therefor that shall fill the warranty, or the notes and money for such part immediately returned and the contract rescinded to that extent, and no further claim made on the company. Failure so to make such trial or to give such notices in any respect, shall be conclusive evidence of the due fulfillment of warranty on the part of said company and that the machinery is satisfactory to the purchasers, and the Company shall be released from all liability under the warranty. Any assistance rendered by the company, its agents, or servants in operating said machinery or in remedying any actual or alleged defects, either before or after the ten days trial, shall in no case be deemed any waiver of, or excuse for any failure of the purchaser to fully keep and perform the conditions of this warranty.  *  *  *  If any part of the machinery (except belting which is not warranted) fails, from defect of material while this warranty is in force, the company has the option to repair or replace the same, on presentation of the defective part or parts, but deficiency or defect in any piece shall not condemn other

Vol. 56—26

parts, and the purchaser expressly waives all claims for damages on account of the nonfulfillment of said warranty by any of the above described machinery. Each machine and attachment is ordered at a separate fixed price, which price, unless otherwise specifically agreed, bears the same ratio to the aggregate price above specified as the company's 1907 list price of each said machine and attachment bears to the aggregate list price of all said machines and attachments. This order is divisible as to each machine and attachment ordered, and the failure of any separate machine or attachment to fill the warranty shall not affect the liability of the purchaser for any other machine or attachment hereby ordered. Should any machine or attachment be subject to return under this order, it shall be returned at the separate fixed price at which it was sold as above provided, and secondhand machinery or other property taken in trade shall not be taken into account. * * * In no event shall the company be liable otherwise than for the return of cash and notes actually received by it.''

Appellees brought this action October 25, 1909, to recover damages for a breach of the warranty heretofore set out, and appellant filed several paragraphs of answer among which are certain paragraphs of counterclaim by which appellant seeks to recover a balance due it on the purchase price of the machinery and to foreclose two chattel mortgages, one of which was executed by all of appellees to secure the original purchase price and the other of which was executed by all of the appellees except Harper on September 24, 1908, and which was given as additional security and to obtain an extension of time. The latter mortgage covered a sawmill and some horses owned by the mortgagors and not covered by the original mortgage. Other pleadings were filed, but as the questions presented depend upon the issues tendered by the complaint and the counterclaim, we will not extend this opinion by a further reference to the pleadings. The issues formed upon the complaint were submitted to a jury for trial, and the court determined the issues presented by the counterclaim. The court found in favor of appellant on the counterclaim, that there was due it on the

MAY TERM, 1914.                403

J. I. Case Threshing Mach. Co. v. Badger—56 Ind. App. 399.

notes sued on the sum of $1,601.10; and the jury returned a verdict in favor of appellees on the complaint and assessed their damages for the breach of the warranty at $825. The jury also returned with the general verdict answers to a number of interrogatories. Appellant moved the court for judgment in its favor on the answers to the interrogatories notwithstanding the general verdict. The court overruled this motion, and entered a judgment in favor of appellant for the balance after deducting the amount assessed by the jury as damages for the breach of warranty from the amount which the court found to be due appellant on the notes, and also entered a decree foreclosing the chattel mortgages for the balance so found to be due. A motion by appellant for a new trial was overruled and an appeal was taken.

The questions presented by this appeal are numerous but in view of the interpretation which we place upon the contract of warranty on which appellees' complaint is based, we shall not find it necessary to consider all of the questions raised. The contract specifically provides the remedy to be pursued by the purchaser in case of a breach of the warranty, which was that in case any machine, attachment or part proved to be defective or failed to comply with the warranty, such machine, attachment or part was to be returned by the purchaser to the place where received and the seller was required either to substitute a machine, attachment or part which would comply with the warranty, or to surrender the money or notes for the part so returned and the contract should be to that extent rescinded; and no further claim made on the seller.

It is the general rule that in case of an executed sale of specific chattels under a warranty, the contract of sale cannot be rescinded on account of a mere breach of
1. warranty unaccompanied by an agreement to rescind.
In the absence of a special agreement to the contrary the remedy of the purchaser for a mere breach of warranty

404    APPELLATE COURT OF INDIANA,

J. I. Case Threshing Mach. Co. v. Badger—56, Ind. App. 399.

is to retain the property warranted and to recover his damages for the breach of warranty in an affirmative action or by way of counterclaim if sued for the purchase price. In some states a different rule obtains, but the rule stated prevails in this State. *Marsh* v. *Low* (1876), 55 Ind. 271; *Hoover* v. *Sidener* (1884), 98 Ind. 290; *A. D. Baker Co.* v. *Cornelius* (1911), 47 Ind. App. 1, 93 N. E. 686. The contract of sale, however, may provide for a return of the article sold in case it fails to comply with the warranty and a rescission of the contract in such event; and, where such a remedy is provided, it will be enforced. The agreement in reference to rescission may be so worded as to leave it optional with the purchaser whether he will avail himself of the remedy of rescission as provided by the contract, or whether he will retain the property and recover for the breach of warranty. In cases where the language used is permissive and not mandatory, such for example, as that the buyer may return the property, or that the seller agrees to receive it back if not in accordance with the warranty, it is well settled that the purchaser may either avail himself of the special remedy provided by the contract, or he may waive it and sue at law for the breach of warranty. *Douglas Axe Mfg. Co.* v. *Gardner* (1852), 64 Mass. 88; *Moore* v. *Emerson* (1895), 63 Mo. App. 137; *Cook* v. *Lantz* (1904), 116 Ill. App. 472; *Elwood* v. *McDill* (1898), 105 Iowa 437, 75 N. W. 340. On the other hand, the provision of the contract in reference to the return of the property and the rescission of the contract, may be so worded as to exclude the ordinary remedy recognized by law for the breach of a warranty and to limit the rights of the purchaser under the warranty to the remedy provided by the contract. Where it is the clear intention of the parties to make the remedy provided by the contract exclusive, it will be given that effect by the courts. *F. C. Austin Mfg. Co.* v. *Clendenning* (1899), 21 Ind. App. 459, 52 N. E. 708; *Rowell* v. *Oleson* (1884), 32 Minn. 288, 20 N. W. 227;

*Wasatch Orchard Co.* v. *Morgan Canning Co.* (1907), 32 Utah 229, 89 Pac. 1009, 12 L. R. A. (N. S.) 540; *Nave* v. *Powell* (1913), 52 Ind. App. 496, 96 N. E. 395; *Burke* v. *Keystone Mfg. Co.* (1898), 19 Ind. App. 556, 48 N. E. 382.

By the contract under consideration the purchaser was required absolutely, in case any machine, attachment or part included in the order, failed to comply with the warranty to return such machine, attachment or part to the place where it was received and the seller might either substitute another part that would comply with the warranty or it might return the notes and money for such part and rescind the contract to that extent. There is a further provision to the effect that, in no event, shall the seller be liable otherwise than for the return of the cash and notes actually received. From a consideration of the whole contract it is clear that it was the intention of the parties to make the remedy by return and rescission as provided therein, exclusive of all other remedies. It appears from the allegations of the complaint that appellees retained possession of all of the machinery purchased and there is no allegation in the complaint that they at any time returned any machine, part or attachment purchased to the place where it was received and demanded a rescission of the contract either in whole or in part. It further appears that appellees retained and used such machinery for three threshing seasons and that it was in their possession at the time the complaint was filed. The complaint clearly proceeds upon the theory that appellees' had a right to retain the machinery purchased and to recover damages on the warranty. The facts alleged do not show that appellant ever waived the provision of the warranty requiring a return of the property and a rescission of the contract, or that any modification of the contract in this respect was made by any subsequent agreement. It does appear from the complaint that after notice of the defective condition and imperfect operation of the machinery

406    APPELLATE COURT OF INDIANA,

J. I. Case Threshing Mach. Co. *v.* Badger—56 Ind. App. 399.

purchased, the company sent its agents who attempted to remedy the defects and who requested appellees to give it a further trial assuring them that it would then work properly, and that, in reliance on such assurance, they kept the machinery and gave it a further trial, but that it still failed to comply with the warranty. Such conduct on the part of appellant and its agents would not amount to a waiver or to an abrogation of the right to have the machinery returned and the contract rescinded as provided in the contract of warranty, in case it still proved defective or failed to operate properly. Such conduct might have the effect to waive the time fixed in the contract for the return of the property and to give the purchaser a reasonable time within which to return it after making the additional tests requested, but it certainly could not have the effect of changing the nature of the remedy provided in the contract. The complaint was based upon a wrong theory and the case proceeded on this theory throughout its entire course.

This case must be reversed, but a consideration of all of the questions raised would unduly extend this opinion; and,
3. as a retrial of the case will not be necessary, in view of the conclusion reached, we deem it unnecessary to consider or determine any of the questions raised other than that presented by the motion of appellant for judgment in its favor as to the issues formed on the complaint. This motion was based on the answers of the jury to interrogatories returned with the general verdict. By these answers the jury found that appellees did not return the machinery or any part of it to the place at which they received it, or demand their money or any part of it back. As the only remedy given appellees by the terms of the contract, was to return the machinery and obtain a total or partial rescission of the contract, and as the answers to interrogatories show they did not pursue this remedy, they can not recover on the contract of war-

ranty.  It would be an idle ceremony to direct a new trial in this case as it is apparent that appellees can not succeed in an action under the warranty on which they rely, for the reason that they have wholly failed to pursue the only remedy which, under its terms, was open to them.

The judgment is reversed and the trial court directed to set aside the judgment entered and to sustain the motion of the appellant for judgment in its favor on the answers to the interrogatories returned by the jury as to the issues formed on the complaint, and to render judgment in favor of appellant for the full amount found due upon the mortgage including interest from the date of the former judgment, and to enter a decree foreclosing the chattel mortgages for the amount found due appellant.

NOTE.—Reported in 105 N. E. 576.  As to remedy of buyer for breach of warranty as to quality, see 54 Am. Dec. 146.  As to the effect of provision in contract of sale for return of defective goods upon buyer's right to recover for breach of warranty, express or implied, see 12 L. R. A. (N. S.) 540.  On the question of waiver by use of right to rescind for breach of warranty or noncompliance with contract, see 36 L. R. A. (N. S.) 468.  See, also, under (1) 35 Cyc. 434;  (2, 3) 35 Cyc. 437;  (4) 35 Cyc. 440.