D'ARCY SPRING COMPANY *v.* ANSIN.

[No. 24,225.   Filed January 28, 1925.   Rehearing denied April 7, 1925.]

1. APPEAL.—*Right of review waived on motion for new trial, by admission of partial liability.*—A defendant who has admitted his indebtedness to plaintiff for part of the amount sued for is not entitled to a review of the court's ruling on his motion for a new trial assigning that the finding or verdict was not sustained by sufficient evidence or was contrary to law.   p. 102.

2. TRIAL.—*Direction of verdict is proper where at least partial liability is established.*—In an action by seller to recover the

price of goods sold and delivered, where the buyer's liability was established without conflict of evidence, except as reduced by facts pleaded specially by the defendant, of which it had the burden of proof, the direction of a verdict for the plaintiff was proper if there was no competent evidence to prove those facts.  p. 102.

3. SALES.—*Agreed limit after acceptance of goods for examination, precludes remedy of buyer for breach of warranty thereafter.*—Parties to a contract of sale have a right to fix a limit on the time allowed after the acceptance of the goods for the purchaser to discover defects in the goods purchased, and, unless waived, such a limitation precludes a recovery by the purchaser for a breach of warranty of the quality where the breach was not discovered until after the expiration of said time.  p. 103.

4. SALES.—*Counterclaim for breach of warranty not maintainable after expiration of agreed time for examination.*—In an action by seller to recover the price of goods sold and delivered, the court properly refused to submit to the jury the issues on a counterclaim for a breach of warranty of the quality of goods sold, where the defendant had not complied with a provision of the contract limiting the time for the discovery of defects therein, and properly directed a verdict for the plaintiff.  p. 104.

5. APPEAL.—*Exclusion of evidence not available error if brief insufficiently presents it.*—The exclusion of evidence is not available error on appeal if appellant's brief does not mention that subject among the "errors relied on," and does not recite the record showing that a proper offer was duly made to introduce the evidence excluded, that the court excluded it, and that appellant duly reserved a proper exception to the ruling by which it was excluded.  p. 104.

From Marion Superior Court (A 10,430) ; *Linn D. Hay,* Judge.

Action by David Ansin doing business as the "Royal Textile Company," against the D'Arcy Spring Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Mason & Sharpe, Herman W. Kothe* and *W. F. Elliott,* for appellant.

*Ralston, Gates, Lairy, VanNuys & Barnard,* for appellee.

EWBANK, J.—Appellee as plaintiff below recovered a judgment against appellant, defendant below, for $10,910.48 on a verdict for that amount returned in obedience to a peremptory instruction given by the court. The only error assigned is overruling the motion for a new trial, under which appellant calls in question the direction to return a verdict for the plaintiff for $10,910.48, and also insists that the verdict is not sustained by sufficient evidence and is contrary to law, and that the amount of the recovery was too large.

The complaint was in three paragraphs. The first was a "common count" for goods, wares, and merchandise alleged to have been sold and delivered, as specified in a bill of particulars, with interest, in the total amount for which judgment was recovered. The second and third paragraphs were for the purchase price of goods of the values of $2,600.32 and of $1,304.48, respectively, purchased on April 20, 1920, which the parties stipulated was owed by defendant to plaintiff. The fourth paragraph counted on a written contract, dated April 17, 1920, by which plaintiff agreed to sell and defendant agreed to purchase a quantity of "56-inch 4.50 sheeting, price 95 cents per pound, net 30 days from date of invoice, f. o. b. mill," with a stipulation that "these goods shall not be returned, nor will allowances be made for any cause after 30 days from receipt, nor after goods are cut." This paragraph further alleged that pursuant to said contract, plaintiff delivered to defendant 472 pounds of said sheeting by shipping the same to it on May 12, 1920, and the parties stipulated that defendant owed plaintiff $448.40 for that May shipment; this paragraph further alleged that pursuant also to the contract, plaintiff shipped and delivered to defendant on June 23, (an admission showing the date of shipment to be June 12), 1920, 5,879 pounds of said "56-inch 4.50 sheeting" called for by the contract, and

that defendant received and accepted it, but that no part of the purchase price had been paid, and that the same was due and unpaid, with interest after thirty days from the date of shipment.   Defendant answered by a general denial, and also filed several paragraphs of what it denominated "counterclaim" seeking to recover damages for alleged breach of an implied warranty that the goods sold should be suitable for the use for which it was alleged plaintiff knew they were purchased. Two of these paragraphs counted generally on an alleged implied warranty, and the effect of a breach under the rules of the common law; the others counted on such a breach and its effect under certain statutes of the State of Michigan which were set out and alleged to have been in force when and where the contract was executed.   The record shows and appellant states in its brief that the only controversy is over defendant's liability for the shipment of 5,879 pounds of sheeting on June 12, 1920, the price of which, at the contract rate, was $5,585.05.   The undisputed evidence was that the goods were shipped in large rolls, wrapped and sewed up in burlap, which averaged about 400 pounds each; that the first shipment under the contract of April 17, 1920, was of one such roll, containing 474 pounds, which was shipped May 12, and was received by defendant June 14, 1920, and the last shipment was of fifteen such rolls, containing 5,879 pounds, shipped June 12, and received by defendant July 17, 1920; that the roll received on June 14, was cut up and used by defendant in its manufacturing processes, and was satisfactory— "okeh, perfect"; that no notice was given to plaintiff that the other goods were unsatisfactory until December 13, 1920, on which date, defendant wrote and mailed to plaintiff a letter stating that "We took in some material from you some time ago and opened up one of the large rolls and also one of the square bales.   We

find that the material contained in the round rolls has runs * * * where there are no cross threads whatsoever. This material is absolutely worthless to us and it will be necessary for us to reship the same on your account, and we would ask you kindly to advise us promptly whether you want it returned to Boston, or whether we shall hold it subject to your order to be shipped to some of your customers"; that this letter was written within a day or two after defendant first learned the condition of the goods in question; that something was done by defendant toward examining the rolls of goods when they were received in July, by looking at the edges, but the goods were not unrolled then, and no difference was observed between these rolls and the one first received and used. There was also evidence, which must be accepted as true for the purposes of this appeal, that there were "runs" in these goods where the cross threads would be missing to such an extent that they were not useful for the manufacture of cushions for automobiles, for which plaintiff knew they were purchased.

As defendant admitted, by stipulation, that it was indebted to plaintiff for the agreed price of three of the shipments sued for, in an amount exceeding $4,000, the specification that the verdict in favor 1, 2. of plaintiff is not sustained by sufficient evidence and is contrary to law presents no available error. And as defendant's liability for the amount recovered was established, without conflict of evidence, and, in fact, was admitted, except as reduced by facts specially pleaded by defendant, of which it had the burden of proof, the direction of a verdict in favor of plaintiff was proper unless there was competent evidence tending to prove some of those facts.

The specifications of alleged errors all revolve around the single question whether or not the stipulation in

the contract that "these goods shall not be returned, nor will allowances be made for any cause after thirty days from receipt" thereof, was binding on the purchaser, and limited to thirty days the time within which it might inspect the goods and reject them as unsatisfactory "for any cause."

Appellant cites decisions to the effect that where the time within which the buyer may inspect and reject purchased goods is not fixed by contract, the purchaser has a reasonable time in which to do so, and that what constitutes a reasonable time is a question of fact for the jury. And he also cites other authorities to the effect that where the defects in purchased goods are latent, so that they cannot be discovered by inspection, a limitation upon the time allowed for inspection is not binding so as to exclude the purchaser's right to act upon discovery of the latent defects. But the authorities cited do not apply to the facts of this case. Except as to a very few of the rolls, the only evidence that the goods were defective at all was that "runs" showed at the edges of the cloth when the burlap at the ends of the rolls was pulled open. And the defect relied on, of "runs" or spaces in the cloth, at intervals, where there were no threads running across it, was apparent on merely looking at the goods, and was not concealed in any way except by the fact that the cloth was wrapped with burlap. This was not such a "latent" defect as defendant was excused from looking for and discovering within thirty days, having agreed that no allowance should be made "for any cause" after the expiration of that time. The parties have a right by contract to fix and limit the purchaser's rights in this respect, and such a stipulation is binding upon them, unless waived, as being a condition precedent to the right of the purchaser to a remedy for breach of the warranty, and a limitation upon the

time within which that right must be asserted, and failure to comply with it precludes a recovery by the purchaser on account of such a breach. *Brown* v. *Russell & Co.* (1886), 105 Ind. 46, 54, 4 N. E. 428; *Seiberling & Co.* v. *Rodman* (1896), 14 Ind. App. 460, 466, 43 N. E. 38; *J. I. Case Threshing Mach. Co.* v. *Badger* (1914), 56 Ind. App. 399, 404, 105 N. E. 576; *Turner* v. *Muskegon, etc., Co.* (1893), 97 Mich. 166, 174, 56 N. W. 356; *Trapp* v. *New Birdsall Co.* (1898), 99 Wis. 458, 462, 75 N. W. 77; *Gaar-Scott & Co.* v. *Nelson* (1912), 166 Mo. App. 51, 66, 148 S. W. 417.

The evidence clearly showing, without dispute or contradiction, that defendant had not complied with this condition on which its right to recover on its counterclaim for breach of warranty depended, the court properly refused to submit to the jury any of the issues joined on such counterclaims.

Appellant suggests that certain evidence was wrongfully excluded. But as the exclusion of evidence is not mentioned in appellant's brief among the "errors relied on," and as the brief does not recite any of the record showing that a proper offer was duly made to introduce this evidence, that the court excluded it, or that appellant duly reserved a proper exception to the ruling by which it was excluded, no question thereon is presented.

The judgment is affirmed.