## SHEFFIELD-KING MILLING COMPANY *v.* SPINK MILLING COMPANY.

[No. 11,727. Filed December 4, 1923. Rehearing denied March 12, 1924.]

1. SALES.—*Warranties.*—*Quality of Article.*—Where a registered brand of flour, which the seller had manufactured and sold for a number of years under the registered name, was ordered under a guaranty that it would equal "any standard baker's patent on the market," the guaranty was concerning the quality of that brand of flour, and the buyer, on discovering that it was not of the quality guaranteed, could decline to order the flour to be shipped. p. 210.

2. SALES.—*Warranties.*—*Breach.*—*Evidence.*—Where flour of a registered brand, which had been manufactured and sold under

Sheffield-King Milling Co. *v.* Spink Milling Co.—81 Ind. App. 208.

that brand for a number of years, was guaranteed to be equal to any standard brand of patent baker's flour on the market, evidence that flour of that brand was of inferior quality was competent in action for buyer's breach of contract by failing to give shipping orders.  p. 212.

3.   APPEAL.—*Review.*—*Exclusion of Evidence.*—Where the finding was in favor of the defendant in an action for breach of contract by the buyer of flour, any error in the exclusion of evidence relating to the measure of damages was harmless.  p. 213.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by the Sheffield-King Milling Company against the Spink Milling Company.  From a judgment for defendant, the plaintiff appeals.  *Affirmed.*

*Alvin Padgett, William A. Cullop* and *H. L. Hoidale,* for appellant.

*Allen, Hastings & Allen,* for appellee.

ENLOE, J.—September 9, 1920, the appellee gave to an agent of appellant its written order for, or "offer to purchase", 310 barrels of a certain designated brand of flour manufactured by the appellant, the flour to be shipped to appellee at Washington, Indiana, upon shipping directions to be given by appellee, after November 1, and before December 30, 1920.  The said order was given upon a printed form supplied by the appellant. In said order, or offer, it was provided that the failure or refusal of the buyer to furnish shipping directions, as provided in said order, should give the seller the right to cancel said contract and recover from buyer certain specified damages.  Across the face of said order was written the following:—"Guaranteed to equal any Standard Baker's Patent on the market." This order was, by appellant's agent duly transmitted by mail to the appellant at its office in Minneapolis, Minn., where it arrived on September 11, 1920, on which day said offer was accepted by appellant and notice of such acceptance duly mailed to the appellee.  The flour

so purchased by appellee not having been by it ordered out within the time specified in said contract, the appellant, under the provisions of said contract, elected to cancel the same and at once notified appellee of its said election.   It also sent to appellee a statement of its damage, as claimed by it under the provisions of said contract, in the amount of $1,606.87.   The damage so claimed not having been paid, this suit was brought to collect the same.

The complaint was in one paragraph; the appellee answered by general denial, and also by an affirmative paragraph, the sufficiency of which is not questioned on this appeal.   The cause was submitted to the court for trial and resulted in a finding and judgment in favor of the appellee.   The only error assigned is the action of the court in overruling the motion for a new trial.

The alleged errors assigned in the motion for a new trial were:   (a) admitting incompetent evidence;  (b) excluding competent evidence;  (c) that the decision of the court was not sustained by sufficient evidence; and  (d) that said decision was contrary to law.   A statement of some of the undisputed facts shown by the record, and a consideration of the affirmative answer of the appellee, will be helpful in considering the questions thus presented.

The appellee, as its justification for not ordering out the said flour within the time limited in said contract, in its said paragraph of answer, alleged that said flour "was not equal to any standard baker's patent flour on the market," and that, on discovery of this fact, it refused to give shipping directions.

The record shows, without dispute, that appellant had been manufacturing the brand of flour in question and known as "Gold Mine", since 1902; that said

1.   flour was a "registered brand" and had been registered for more than ten years; that the appel-

lee, in August, 1920, purchased a car load of this flour, which was shipped to it at Washington, Indiana, where it arrived about the middle of November, 1920; that part of this flour was sold to persons engaged in business as bakers and that it was not satisfactory to them. There was also testimony that this brand of flour, "Gold Mine", was not as good as other standard baker's patent flour which could be obtained on the market; that of 210 barrels of the flour bought by appellees in August, 1920, and sold by it to two of its customers, it could only deliver fifteen barrels to each of said customers, they each refusing to take the balance, saying they could not use it.

This case then presents the situation of a registered brand of flour which had been manufactured for a number of years, being sold under a distinct representation (guaranty) as to its quality.

In 24 R. C. L. 290, §572, it is said:—"If a contract of sale is executory, as in the case of the sale of unidentified articles, there is no obligation on the part of the buyer to accept delivery of goods which do not, as to quality, conform to the requirements of the contract, even though the contract contains an express warranty of quality." Many authorities are cited as supporting the rule there announced.

In this case, under the issues, it must be considered as established by the finding of the trial judge that the brand of flour in question, "Gold Mine", was not "the equal of any standard baker's patent flour on the market",—that said brand of flour was not of the quality required by the contract. In *Pope* v. *Allis* (1885), 115 U. S. 363, 29 L. Ed. 393, it was said: "It was established by the verdict of the jury that the iron shipped was not of the quality required by the contract. Under these circumstances the contention of the plaintiff in error is, that the defendant in error, although the iron

shipped to him was not what he bought, and could not be used in his business, was bound to keep it, and he could only recover the difference in value between the iron for which he contracted and the iron which was delivered to him. We do not think that such is the law. When the subject-matter of a sale is not in existence, or not ascertained at the time of the contract, an undertaking that it shall, when existing or ascertained, possess certain qualities, is not a mere warranty, but a condition, the performance of which is precedent to any obligation upon the vendee under the contract; because the existence of those qualities being part of the description of the thing sold, becomes essential to its identity, and .the vendee cannot be obliged to receive and pay for a thing different from that for which he contracted."

In this case, the appellee purchased a car load of flour of a certain designated and registered brand, "Gold Mine," which the appellant had been manufacturing for a number of years; it bought it under a representation, not that the particular lot of flour which it was then ordering would be, as to its quality, of a certain standard, viz.: equal to any standard baker's patent flour on the market, but, that the brand of flour, "Gold Mine," was equal to any standard brand of patent baker's flour then on the market; the representation was concerning the *quality of the said brand of flour,* a quantity of which brand of flour was then and there being ordered by the appellee.

As hereinbefore stated, the appellee had bought a quantity of this brand of flour in August and received shipment of same in November; now, for the first time, so far as this record discloses, there was an opportunity offered to it and to its customers to test the quality of this brand of flour; they tested it, weighed it in the balance of the baker's oven

and found it wanting. The evidence admitted upon the trial over the objection of appellant and of which complaint is now made, was concerning the quality of the flour of the brand in question. Under the issues this evidence was competent. Under this evidence, and it was not in any way disputed or denied at the trial, the brand of flour in question was not of the quality represented, and under the circumstances, the appellee, upon discovery of that fact, had a right to decline to order said flour to be shipped.

The appellant also complains because certain testimony offered by it was excluded from the jury, as the excluded testimony related only to the measure 3. of damages which appellant was entitled to recover, if any, it clearly appears by this record that it was not harmed by such exclusion.

The decision of the court is abundantly sustained by the evidence and is not contrary to law.

The judgment is affirmed.