BURKE ET AL. *v.* KEYSTONE MANUFACTURING COMPANY.

[No. 2,276. Filed Nov. 24, 1897. Rehearing denied March 10, 1898.]

CONTRACTS.—*Warranty.—Sales of Machinery.*—Where 'a machine is sold under a warranty to be well made and to do a reasonable amount of work, the purchaser could not abandon the contract and insist upon the warranty, where the contract provided that if the machine would not bear such warranty, immediate notice should be given the seller, and if it could not be made to fill the warranty it was to be returned by the purchaser to the place where he received it and another substituted therefor, or money or notes returned. *pp. 557-559.*

SAME.—*Warranty.*—Where a corn husker was sold under a contract warranting it to do good work, providing "that if the machine will not bear the above warranty. after a trial of two days immediate

Burke *et al. v.* Keystone Manufacturing Company.

notice shall be given the Keystone Mfg. Co.," etc., and the purchaser retained said machine for ten days, husking corn, after having been informed by the agent that he could not make it work, the purchaser lost his right to set up the warranty, where the contract further provided that the continued use of the machine after the expiration of the time named in the warranty would be evidence of the fulfillment of the warranty.   *pp. 559, 560.*

SAME.— *Preliminary Negotiations.*— Preliminary negotiations of a sale are merged into a written contract of sale entered into by the parties.   *p. 560.*

SAME.—*Sale of Machinery.—Instruction.*—In the trial of an action for the purchase price of a corn husker, an instruction to the jury to the effect that plaintiff did not agree to teach defendants how to run the machine, and if it failed to operate properly on account of the unskilfulness with which it was handled by defendants that plaintiff should recover, etc., was properly given where the contract provided that if the machine would nor bear the warranty to do good work, after two days' trial, immediate notice should be given plaintiff who would send a competent person to remedy the defect, and the defendants' skill in the management of the machine was raised by the evidence.   *pp. 560, 561.*

From the Montgomery Circuit Court.   *Affirmed.*

*Thomas & Whittington*, for appellants.

*M. W. Bruner*, for appellee.

COMSTOCK, J.—Suit by appellee against appellants on a written order for the purchase of a corn husker by appellants from appellee.   The defense made was based upon an alleged breach of warranty contained in the written order for the machine, as follows:

"The above machine is warranted to be well made and to do a reasonable amount of work (the amount and condition of the work varying with the condition of the corn fodder), leaving the fodder in a suitable condition to feed, and husking the corn as clean as is possible to do with a machine, shelling but little corn; the amount shelled varying with the condition of the corn at the time of husking."   The purchasers set up by way of answer, that the machine was not well made, was not of good material, would not and did

not do a reasonable amount of work, and would not and did not husk the corn as clean as possible to do with a machine, and shelled a large amount of corn in the process of husking it.    To this answer a general denial was filed.    A trial by jury resulted in a verdict and judgment for appellee (plaintiff below), for the purchase price of the machine.    Appellants filed a motion for a new trial, which was overruled, and proper exceptions taken.    The overruling of this motion is the only error assigned.    The reason assigned and discussed for a new trial is, that the court erred in giving to the jury trying the case, instructions numbers one, two, three, four, five, six, and seven, asked by plaintiff (appellee), to the giving of each of which appellants at the time excepted.    The first instruction reads as follows: "If the jury finds from the evidence that the machine sold to the defendants was set up and started to work by Iran Myers, the agent of the plaintiff, and at the time it did not work satisfactorily nor fill the warranty, and said agent at that time asked the defendants to continue running said machine, and he would visit the machine from time to time and make it work properly; and under the arrangement the defendants had continued to run said machine, then the written notice provided for in said warranty would not have to be given by the defense, but if you further find that after defendants had run said machine for several days and said Myers had tried to make it work properly and had failed, and he stated to the defendants that he could do no more, and so stating, went away, and then if you find that afterwards defendants continued to run and try said machine for two days or more, without giving the written notice provided for in the warranty, you are instructed that the defendants have lost their right to set up the failure of the

warranty as a defense, and if you further find that the plaintiff has proved the allegations of the complaint by a preponderance of the evidence, you should find for the plaintiff."

Counsel for appellants object to that part of this instruction beginning with and following the words, "but if you further find that after defendants had run said machine for several days," etc. The presence of the agent of the seller made the notice provided for unnecessary. If written notice had been given, it could only have informed him of the condition of the machine and if he had notice of the defect, and attempted to remedy such defect, it would be immaterial whether notice was written or verbal.

The contract, however, was in force, the purchasers could not avoid it by continuing to use the machine. The contract provided, "that if the machine will not bear the above warranty after a trial of two days, immediate notice shall be given the Keystone Mfg. Co.," etc. It further provided that, if "the machine could not be made to fill the warranty, it is to be returned by the purchaser to the place where received and another substituted therefor or money or notes returned. It is further mutually understood and agreed that continued use of said machine after the expiration of the time named in the above warranty, shall be evidence of the fulfillment of the warranty and the purchaser agrees thereafter to make no claim on the Keystone Mfg. Co." The purchasers could not abandon the contract and insist upon the warranty. They should have returned the machine and received another, or had their notes or money returned. The facts do not present a case in which the machine is retained and used at the solicitation of the seller or his agent, after notice of defendants. In such a case the purchaser would not lose his rights under the war-

ranty. *Springfield Engine and Thresher Co.* v. *Kennedy,* 7 Ind. App. 502, 512; *McCormick Harvesting Machine Co.* v. *Gray,* 100 Ind. 285; *Brown* v. *Russell & Co.,* 105 Ind. 46.

If it be admitted that the court erred in giving this instruction, it appearing that the appellants retained and used the machine for ten days in husking for him their neighbor's corn, after having been informed by the agent that he could not remedy it, before returning the same, they thereby lost their right to set up the warranty, and the jury were warranted in concluding that appellants had retained the machine an unreasonable time—this the jury evidently did.

Appellant's counsel claim that the second instruction ought not to have been given in view of the evidence. In our opinion, it was proper under the issues and the evidence. Instruction number three, excepted to, states a correct proposition of law; i. e. that the preliminary negotiations for the sale of the machine were merged in the written contract entered into. The instruction was applicable to the evidence. Instruction four is conceded to be correct. Instruction five is excepted to as being contrary to the terms of the written agreement. Said instruction informed the jury that the plaintiff did not agree to teach defendants how to run the machine, and if it failed to operate properly on account of the unskilfulness with which it was handled by the defendants, that the plaintiff should recover if it had established the allegations of the complaint by a preponderance of the evidence. The part of the agreement in question is in the following language: "If the machine will not bear the above warranty after a trial of two days, immediate written notice shall be given to the Keystone Mfg. Co. by registered letter, stating wherein it fails to fill the warranty and a reasonable time shall be given the Keystone Mfg.

Co. to send a competent person to remedy the defect, the purchasers rendering friendly and necessary assistance." This was an agreement to remedy any defect in the machine and not to teach appellants how to use it. The question of the appellants' skill in the management of the machine was raised by the evidence and the instruction was properly given. If the failure of the machine was due to want of care and skill of the appellants, it should not defeat appellee's recovery. A witness for appellee testified that he informed one of the appellants that he was crowding the fodder into the machine and would burst it, to which the appellant answered that he did not care a damn if he did burst it.

Objection to instruction six is waived. Appellants claim that instruction number seven put an interpretation upon the contract which is not warranted. It is not claimed that cash was paid on the arrival of the machine, and this instruction only deals with the execution of the notes, and tells the jury, in substance, that if the defendants had failed to execute their notes on demand, after the receipt of the machine, and had failed to establish their defense, the plaintiffs would be entitled to recover in the full amount of the purchase price, with six per cent. interest from the time the machine was received. The contract provided, "Notes to be given for the deferred payments named in the contract when required." The instruction was favorable to the appellants.

We have passed upon the questions discussed in appellants' brief, and have carefully examined the evidence, and are satisfied that the merits of the cause have been fairly tried, and find no error for which the judgment of the trial court should be reversed. Judgment is affirmed.