#### IN THE

# APPELLATE COURT

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, NOVEMBER TERM, 1910, AND MAY TERM, 1911, IN THE NINETY-FIFTH YEAR OF THE STATE.

---

### A. D. BAKER COMPANY *v.* CORNELIUS.

#### [No. 6,708. Filed January 25, 1911.]

1. REPLEVIN.—*Breach of Warranty.*—*Burden of Proof.*—In an action in replevin, wherein defendant answered that the property was held by virtue of a chattel mortgage, the reply being that the mortgage was executed for the purchase price of certain warranted machinery and that such machinery failed to comply with the warranty and was worthless, the burden is upon the plaintiff to prove that such machinery was worthless and that he returned or offered to return it. p. 4.

2. CONTRACTS.—*Breach of Warranty.* — *Damages.*—*Rescission.* — The breach of a warranty does not ordinarily give a party the right to rescind an executed contract, the remedy being an action for damages for such breach, or to plead such breach as a counterclaim in an action for the recovery of the contract price. p. 4.

3. CONTRACTS.—*Breach of Warranty.*—*Rescission.*—Where a contract provides for rescission by the vendee in case of a breach of warranty, the vendee, if he desires to rescind, is required to abide by the provisions in reference to rescission, and, failing therein, he may sue for such breach, or file a counterclaim therefor. pp. 4, 5.

4. CONTRACTS.—*Breach of Warranty.*—*Answer.*—In an action for the purchase price of warranted machinery, an answer of breach of warranty, to be complete, must show that the damages sustained were equal to the amount sued for, or that the machinery was worthless for any purpose. p. 5.

5. CONTRACTS.—*Rescission.*—*Evidence.*—Under a contract providing that if, after notice, "any part of the machinery cannot be made to fill the warranty, that part which fails shall be returned," evidence showing that the company's agent tried to operate the machine and could not, and that the company's collectors were told that the vendee would not keep it and that they could take it, is insufficient to show a rescission. p. 5.

6. CONTRACTS.—*Breach of Warranty.*—*Worthless Machinery.*—*Evidence.*—Evidence that certain machinery sold was worthless for the vendee's purposes, does not support a finding that such machinery was worthless. p. 6.

7. APPEAL.—*Weighing Evidence.*—The Appellate Court will not set aside a judgment on the ground that it is not sustained by the evidence, unless there is a total failure of the evidence to prove some essential fact. p. 7.

From the Hamilton Circuit Court; *Ira W. Christian,* Judge.

Action by John H. Cornelius against the A. D. Baker Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*P. V. Hoffman* and *William Booth,* for appellant.

*W. S. Christian* and *Fred E. Hines,* for appellee.

LAIRY, J.—Appellee brought an action of replevin for two horses, which he alleged had been unlawfully taken and were unlawfully detained by appellant. The complaint was in the ordinary form. Appellant filed an answer in general denial, and also an answer alleging that it was the owner of a chattel mortgage executed by appellee to secure certain promissory notes executed by appellee to appellant; that one of the notes was due and unpaid; that the horses described in the complaint were covered by the chattel mortgage referred to and filed as an exhibit in the answer; and that appellant had taken and held said horses under and by virtue of the chattel mortgage.

To this answer appellee filed a general denial, and also a special reply, in which he alleged that the chattel mortgage set up by way of answer was given to secure three notes of $400 each, given for the purchase price of a

sixteen-horsepower Baker traction engine, one jacket, two injectors, one jar pump and one Mason Kipp oil pump; that said machinery was purchased under a written contract, containing a warranty, which written contract and warranty were filed as an exhibit to the reply; that said engine was defective in material and construction, did not generate sufficient power, failed to comply with the terms of the warranty, and was wholly worthless for any purpose.

The case was tried by the court without the intervention of a jury, and, upon request of appellee, the court made a special finding of facts and stated its conclusions of law thereon. The judgment of the trial court was in favor of appellee. A motion for a new trial was filed and overruled, and this ruling is assigned as error in this court. The causes assigned for a new trial are that the decision of the court is not sustained by sufficient evidence, and is contrary to law.

The special findings are too lengthy to be set out in full, so we shall refer to only so much thereof as is necessary to an understanding of the question presented by this appeal. The substance of the court's findings, so far as material to the questions involved, is as follows: "That on July 16, 1906, appellee mortgaged to appellant the personal property described in the complaint, together with other personal property; that said mortgage was executed to secure the payment of three several notes of $400 each, which notes were given as evidence of the purchase price of said traction engine, and as a part of the same transaction appellant executed and delivered to said appellee a written warranty, which is set out in the findings; that said engine failed in many particulars to comply with said warranty, and appellant, after notice and proper tests, was unable to make it comply with said warranty; that said engine was worthless to appellee and wholly worthless for any purpose; that appellee, long before the filing of his complaint herein, offered to return said engine and all of its appurtenances to ap-

pellant, offered to return said machinery to the place from which he had received it, and demanded his said notes and the surrender of the chattel mortgage hereinbefore mentioned; that appellant refused to receive said machinery, refused to deliver up said chattel mortgage and said purchase-money notes, and demanded that appellee retain said engine.''

There is no question as to the sufficiency of the evidence to support the findings, except as to the findings that the machinery was of no value for any purpose, and that

1. before appellee filed his complaint he offered to return the machinery to the place from which he received it, and demanded his notes and mortgage. Upon these questions, appellant contends there is a total failure of proof. The burden was upon plaintiff to establish these facts, and if they were necessary to a recovery by him, his failure to do so would be fatal, and the judgment should be reversed.

In the absence of fraud, the general rule is that a breach of warranty does not give rise to a right to rescind an executed contract by the party affected by the breach.

2. When there is no provision in the contract or warranty for a return of the property in case of breach, the remedy of the injured party is to sue for the breach of such warranty, or he may set it up by way of counterclaim. *Hoover* v. *Sidener* (1884), 98 Ind. 290; *Marsh* v. *Low* (1876), 55 Ind. 271.

In the warranty set up by way of reply in this case, however, there was a provision for a return of a part or all of the machinery in the event it could not be made

3. to comply with the warranty. Appellee, therefore, had two remedies in case of a failure of the machinery to comply with the warranty. After making the tests and giving notice to the seller, as provided in the contract, if the machinery could not be made to comply with the warranty, he had a right to rescind the contract in the manner

and according to the terms therein provided, or he had a right to retain the machinery and treat the contract as still subsisting, and sue for a breach of the warranty, or, in case he was sued, set up said breach as a defense. When a breach of warranty is pleaded as a defense, it must appear, 4. in order that the defense may be complete, that the damages occasioned by such breach are equal to the cost of the article warranted, or that the article is of no value for any purpose. *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *Smith* v. *Borden* (1903), 160 Ind. 223; *La-Fayette Agricultural Works* v. *Phillips* (1874), 47 Ind. 259.

It therefore appears that it was necessary for appellee to prove either that he had rescinded the contract, or that the machinery was of no value. If he relied upon 3. rescission, it was necessary for him to show such acts on his part as constitute a substantial compliance with the terms of rescission provided in the warranty. The right to rescind is given by the contract, and in order to avail himself of that right appellee must show that 5. he has substantially complied with the conditions stipulated therein, upon which that right depends. The provision of the warranty with reference to rescission is as follows:

"If, after giving notice as above provided, any part of the machinery cannot be made to fill the warranty, that part which fails shall be returned immediately by the undersigned to the place where it was received, with the option of the company either to furnish another machine, or part, in place of the machine, or part, so returned, which shall perform the work, or return the money and notes which shall have been received by the company for the same, and thereby rescind the contract to that extent, or the whole, as the case may be, and be released from any further liability herein. The failure of any separate machine, or any part thereof, shall not affect the contract or liability of the purchaser for any other separate machine, or for any parts of such machine as are not defective."

We find no evidence tending to prove that appellee at any time returned or offered to return any part of the engine or the engine as a whole, or that he ever requested appellant to furnish him a new engine. There is no evidence that appellee ever returned the engine or any part of it to the place where he received it, or that he at any time requested the return of his notes and mortgage. Upon this subject appellee testified that an expert came to see the engine some time after the state fair; that he came over to where appellee was hulling clover seed at Mr. Bell's; that the expert said: "I have seen the engine. It is not any good until it is worked over and a new cylinder put on it." Appellee told him that he did not want the engine if that had to be done. Appellee further testified that on the day the company's representatives came to get their pay for the engine, he told them he would not keep it; that they could have the engine. This is the most favorable evidence to appellee on the subject, and it falls far short of showing such acts on his part as would constitute a rescission under the terms of the warranty.

There is also a total want of evidence to support the finding that said engine was wholly worthless for any purpose. The testimony on this question most favorable to appellee was that of appellee himself, in which he said: "The engine was not worth anything to me for the purpose for which I purchased it." This is not equivalent to saying that the engine was of no value for any purpose. Such testimony is no evidence of a total failure of consideration. *Smith* v. *Borden, supra; LaFayette Agricultural Works* v. *Phillips, supra.*

In the case of *Smith* v. *Borden, supra,* the Supreme Court said: "It may be conceded in this case that were it not for the offer to return the machine to the plaintiffs which the facts show the defendant made, and which he continues to make in his answer in question, the latter would be bad on demurrer, as the averments therein that the wheel is utterly

worthless for any purposes for which it was purchased, and is worthless and of no value for any purpose to the defendant, would not excuse his failure to return or offer to return the property to the plaintiffs, and under the circumstances the answer would not be sufficient as a defense of a total failure of consideration of the note in suit.''

This court is reluctant to set aside the finding of the trial court on the evidence. We recognize the well-established rule that this court will not weigh conflicting evidence, and that every legitimate inference that can be drawn from the evidence will be indulged in favor of the trial court. We have considered only the evidence favorable to appellee, and we are forced to the conclusion that the parts of the special finding, hereinbefore referred to, are not sustained by the evidence, and that the facts therein found cannot be rightly or reasonably inferred from any facts proved.

The judgment is reversed, with directions to sustain the motion for a new trial.