## EDWARDS MANUFACTURING COMPANY *v.* STOOPS

[No. 8,027. Filed October 29, 1913.]

1. SALES.—*Implied Warranty.—Fitness for Purpose Intended.*— When an article of merchandise is supplied by the manufacturer to a purchaser thereof for a definite use or purpose, and that particular use is known to the seller, there is an implied warranty that it will be reasonably suitable for such purpose. p. 364.

2.  SALES.—*Implied Warranty.—Breach.—Remedy of Purchaser.*— Upon the breach of an implied warranty that goods are reasonably suitable for the purpose for which they were bought, the purchaser need not return the goods and rescind the contract, but may, when sued for the purchase price set up his claim for damages by way of answer.  p. 364.

3.  SALES.—*Implied Warranty.—Breach.—Counterclaim.*—In an action for the price of metal shingles sold to defendant, an answer alleging that they were sold by the manufacturer to defendant for the special purpose of being used in the construction of the roof on a certain building, the pitch of which was four and one-half inches, which fact was known to plaintiff, and that defendant had no knowledge of the fitness and suitability of such shingles for that particular purpose, and containing other averments relating to such warranty, the specific defects and unfitness constituting the breach, and the damages therefrom, was sufficient to withstand a demurrer.  p. 365.

4.  SALES.—*Warranty.—Agreements Constituting.* — An order for metal shingles, marked "wait for notification," together with purchaser's letter relating thereto and asking for an express warranty of the goods for the purposes for which the purchaser intended to use them, and the seller's letter warranting them, construed together, constitute a complete and definite written agreement, so that in an action for the purchase price, an answer alleging such contract, the breach of the warranty, the making of a proper test, and the damage resulting from the breach, was sufficient on demurrer.  p. 365.

5.  EVIDENCE.—*Secondary Evidence.—Admissibility.*—Where the contract involved in an action consisted of letters exchanged between the parties, two of which were conclusively shown to have been lost, it was proper to show the contents of such missing letters by oral testimony.  p. 366.

6.  APPEAL.—*Review.—Evidence.—Verdict.*—A verdict will not be disturbed on the evidence, where there is some legal evidence supporting same.  p. 366.

7.  APPEAL.—*Review.—Instructions.—Set-Off.*—An instruction telling the jury that for defendant to recover on his set-off for damages, he must prove all the damage charged or some part thereof by a fair preponderance of the evidence, was not erroneous.  p. 366.

8.  APPEAL.—*Review.—Harmless Error.—Instructions.*—In an action where both an express and implied warranty in relation to the sale of goods was relied upon, error in an instruction stating that there were two kinds of warranty, but only defining an express warranty, was harmless, where it was followed by another instruction defining the conditions and circumstances which would create an implied contract of warranty.  p. 367.

9. TRIAL.—*Instructions.—Necessity for Request.*—A party desiring to have the jury further instructed on a branch of the case, should tender such instructions and request that they be given. p. 367.

10. SALES.—*Breach of Warranty.—Instructions.*—In an action for the price of metal shingles, where defendant filed a set-off for damages for a breach of warranty, and there was evidence tending to show that such shingles had not been in general use and had not been manufactured many years, an instruction informing the jury on the law relating to new appliances was proper, although the question was not one of the controlling issues presented by the pleadings. p. 367.

11. SALES.—*Breach of Warranty.—Instructions.*—In an action for the price of metal shingles, where defendant filed a set-off for damages for a breach of warranty that they were fit for the purposes intended by the purchaser, an instruction informing the jury that the knowledge of plaintiff's agent, who solicited the order from defendant, concerning the pitch and angle of the roof, was the knowledge of the principal, was proper. p. 367.

12. SALES.—*Breach of Warranty.—Damages.*—In an action for the price of metal shingles, where defendant relied upon a breach of warranty as to the fitness for a particular roof, and a breach of the warranty was shown, and it was also shown that a good faith effort had been made by defendant to make a proper roof out of such shingles, an instruction that if the finding should be for defendant, the measure of damages would be the cost of the metal shingle roof, including the cost of the shingles if paid for, and the expense of putting them on the roof, less their value after being removed from the roof, to which could be added the reasonable expense incurred in any attempt to repair and improve the roof so that it would conform to the warranty, correctly stated the measure of damages, since it was defendant's duty to minimize the damage as much as possible, and where goods are sold for a particular use, damages for a breach of the warranty properly include all consequential damages that are the direct, immediate and probable result of the breach. p. 367.

From Fayette Circuit Court; *George L. Gray,* Judge.

Action by the Edwards Manufacturing Company against Thomas H. Stoops. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*E. G. Johnston,* for appellant.

*Florea & Broaddus,* for appellee.

IBACH, J.—Appellant, the Edwards Manufacturing Company, manufacturer of metal shingles, commenced this ac-

tion before a justice of the peace on an account for a quantity of such shingles sold and delivered by it to defendant. The trial in that court resulted in a judgment for defendant. An appeal to the Fayette Circuit Court followed, where defendant filed an amended answer of set-off in two paragraphs. A separate demurrer to each paragraph of the answer was overruled. Upon the issues formed there was a trial by jury resulting in a verdict for defendant; plaintiff's motion for new trial was overruled and judgment was rendered on the verdict.

The errors assigned for reversal and argued are: Overruling the demurrers to the first and second paragraphs of the answer, and the refusal to grant a new trial.

The first paragraph of the answer was drawn upon the theory that the shingles were sold to appellee on an implied warranty that they were reasonably fit and suitable for the particular purpose for which they were to be used, that is, for the construction of a roof of a particular kind, and that the shingles proved worthless, and appellee was damaged more than their cost. The second paragraph is substantially the same as the first except that it relies on the execution of a written guaranty.

The first question is, Do the facts averred in the first paragraph of the answer show an implied warranty of fitness accompanying the sale of the shingles? It is settled law that when an article of merchandise is to be supplied to a purchaser thereof by the manufacturer for a definite use or purpose and that particular use is known to the seller, there is an implied warranty that it will be reasonably suitable for the purpose intended by the purchaser. Benjamin, Sales (Bennett's 7th ed.) §§645, 686; *Oil Well Supply Co.* v. *Watson* (1907), 168 Ind. 603, 608, 80 N. E. 157, 15 L. R. A. (N. S.) 868; *Poland* v. *Miller* (1883), 95 Ind. 387, 48 Am. Rep. 730; *Zimmerman* v. *Druecker* (1896), 15 Ind. App. 512, 44 N. E. 557. And in such cases the purchaser is not required to

return the goods purchased and rescind the contract when the breach of the warranty is discovered but he may, when sued for the purchase price, set up his damages in his answer, as was done in this action. *A. D. Baker Co.* v. *Cornelius* (1911), 47 Ind. App. 1, 93 N. E. 686, and cases there cited; *Glucose Sugar, etc., Co.* v. *Climax Coffee, etc., Co.* (1907), 40 Ind. App. 182, 81 N. E. 589, and cases there cited. It

3. is averred in the first paragraph of the answer in substance that the shingles in question were sold by the manufacturer for the special purpose of being used in the construction of the roof on the building in question, the pitch of which was four and one-half inches, which fact was known to the seller, and the purchaser had no knowledge of the fitness and suitability of the shingles for that particular purpose. These together with the remaining averments relating to the warranty of the shingles, the specific defects and unfitness constituting the breach of the warranty, and the damages resulting therefrom, we think, make this paragraph sufficient to withstand demurrer.

4. As to the second paragraph of the answer based upon an express warranty in writing, it is sufficient to say that the writing is in the following words and figures:

"Order No. ..... Date Nov. 8, 1906. The Edwards Manufacturing Company. Ship to Thos. H. Stoops at Connersville, Ind. (description of shingles and quality) Ship by Big 4. When? Dec. 1, but wait notification. Thomas H. Stoops."

This writing is in itself an incomplete and uncertain memorandum or order. But when it is coupled with the allegation that the order was marked "wait notification," with the intent and purpose to make it conditional on the giving by appellant of an express warranty, and with appellee's letter to appellant relating to the order and asking for an express warranty of the goods referred to therein for the particular purpose for which they were intended, and appel-

lant's letter in reply warranting them, all of which must be construed together as forming one transaction, we have a complete and definite written agreement between the parties and these averments, together with the further ones showing the breach of the warranty, the making of the proper test and the damage resulting from such breach, we have all the averments essential to an answer on the theory on which it was drawn. *Thames Loan, etc., Co.* v. *Beville* (1884), 100 Ind. 309, 313.

The insistence of appellant that the court erred in permitting witnesses to testify as to the contents of the two letters which were conclusively shown to have been lost cannot be sustained. The original order in its uncertain condition and the letters written by the respective parties in explanation thereof, formed the entire contract, and the originals having been lost, their contents were properly shown by oral testimony. That there was no error in this is too plain to require further discussion or citation of authorities. There is also some evidence tending to show that appellee was damaged by reason of the breach of warranty complained of and that such damages exceeded the cost of the shingles in question. There is also some evidence tending to prove the contrary, but since there is some legal evidence supporting the verdict, it is not for this court to weigh the same, and we are bound to hold that this branch of the case, for the purposes of this appeal has been fully established by the verdict of the jury.

Appellant next contends and argues in its brief that the court erred in submitting of its own motion to the jury instructions Nos. 4-7, inclusive, and in giving instruction No. 2 tendered by appellee. Instruction No. 4 is not subject to the criticism urged against it, for by it the court told the jury that for defendant to recover on his set-off he must prove by a fair preponderance of the evidence all of the damage charged or some part thereof. This is a fair and reasonable interpretation to be given this in-

struction, and no doubt the jury so understood it.

8. By instruction No. 5 the jury was told that there were two kinds of warranty in relation to the sale of personal property but this instruction defines only one express warranty. This is not harmful error, for in the following instruction the court defined the conditions and circumstances which would create an implied contract of warranty.

9. True, these two instructions are not models of exactness, but if appellant desired further instructions on this branch of the case they should have been tendered to the court with its request that they be given. We are satisfied that this instruction in view of the issues and the evidénce sufficiently informed the jury upon the law applicable to this branch of the case. By instruction

10. No. 6 the court informed the jury on the law relating to new appliances. There was some evidence tending to show that shingles such as are involved here had not been in general use and had not been manufactured many years and although this question was not one of the controlling issues in the case as presented by the pleadings, yet it was germane to the evidence and certainly could not have resulted in harm to appellant. Instruction No. 7 was a correct

11. statement of the law, and in view of what we have heretofore said in relation to the issues and the evidence supporting the same, we can not see how the jury could have been misled or the appellant prejudiced by the fact that the court by it informed the jury that the knowledge of the agent who solicited the particular order in suit, concerning the pitch and angle of the roof was the knowledge of the principal. This was germane to the evidence and it was proper to instruct the jury on this branch of the case.

On the measure of damages the court gave the following instruction. "If you find for the defendant on either paragraph of his set-off herein, the measure of damages in

12. his favor will be the cost of the metal shingle roof, including the costs of the shingles if paid for, and the

expense of putting them on the roof, less any amount you may find the shingles were worth after being removed from the roof. To the above should be added any reasonable expense which the defendant incurred in any attempt to repair and improve the roof so as to make it conform to the warranty under which they were sold." It was averred and proved that the shingles were warranted to be fit for a certain use and that they were knowingly sold for such purpose, and the warranty failed. It was also shown that an effort was made to repair the roof and thus make use of the shingles, that it was impossible to repair, and that nothing less than removing the shingles and supplying another roof would prevent leaking. It first was the duty of appellee to minimize the damage as far as possible, and having done this, he was entitled to recover the damages which were the natural results of the breach of the contract. The instruction states a proper measure of damages in this case, a breach of an express warranty having been shown, and a good-faith effort having been made by appellee to make a proper roof out of the materials purchased of appellant for that purpose. In cases where things are sold for a particular use, damages for a breach of warranty are not confined to the difference between the value of the goods as they were, and as they would have been if as warranted, but include "all such consequential damages as are the direct, immediate and probable result of the breach." 30 Am. and Eng. Ency. Law (2d ed.) 217, and cases cited. "Where an article is warranted fit for a particular purpose, the purchaser can recover the damages caused by an attempt to use it for that purpose." 2 Sedgwick, Damages (8th ed.) §766. "When one sells and warrants a thing for a particular use, upon reasonable ground for believing that, if put to such use, a certain loss to the buyer will be the probable result if the warranty is untrue, * * * the seller is, under the warranty, chargeable with the loss, as one which may reasonably be supposed to have been in the contemplation of the parties

when making the contract.'' Hale, Damages (2d ed.) 367, quoting from *Frohreich* v. *Gammon* (1881), 28 Minn. 476, 11 N. W. 88.

The cause seems to have been fairly tried and a proper result reached.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 980. See, also, under (1) 35 Cyc. 402; (2) 35 Cyc. 435; (3) 35 Cyc. 446-450; (4) 35 Cyc. 372; (5) 17 Cyc. 518; (6) 3 Cyc. 348; (8) 38 Cyc. 1782; (9) 38 Cyc. 1693; (12) 35 Cyc. 472, 474. As to warranty of quality implied on sale of goods, see 55 Am. Dec. 328; 102 Am. St. 607. As to implied warranty of fitness of property bought for special purpose, see 22 L. R. A. 187; 15 L. R. A. (N. S.) 868; 31 L. R. A. (N. S.) 783; 34 L. R. A. (N. S.) 737.