## HALSTEAD v. AMERICAN MAGNESTONE CORPORATION.

[No. 12,188.   Filed November 19, 1925.   Rehearing denied February 18, 1926.]

1.   CORPORATIONS.—*Right of corporation to bring action must be presented in trial court.*—Whether a foreign corporation must allege and prove that it had complied with §4914 Burns 1926, §4090 Burns 1914, before it can maintain an action in this state will not be considered on appeal where the question was not presented to the trial court.   p. 207.

2.   APPEAL.—*Appellate tribunal will not consider any question which was not presented to the trial court, except a jurisdictional question.*   p. 207.

3.   APPEAL.—*No question is presented as to admission of evidence where neither the evidence nor synopsis thereof is set out in appellant's brief and no objection to the admission is*

*shown in brief of either party.*—No question is presented as to the admission of evidence where neither the evidence nor. any abstract or synopsis thereof is set out in appellant's statement of the evidence in his brief, and no objection to the admission of the evidence is shown either in appellant's or appellee's brief.    p. 207.

4.   SALES.—*Warranty. of quality of fitness for specific purpose contemplates reasonably 'good management in use of article by persons of ordinary skill and experience, and warranty is not breached where failure to give satisfaction is due to purchaser's mismanagement.*—If an article is sold at a fair price and the seller knows that it is purchased for a particular use, there is an implied warranty that it is fitted for such use, but a warranty of quality or fitness for a specific purpose contemplates reasonably good management in the use of the article by persons of ordinary skill and experience, and there is no breach of the warranty where the failure of the article to give satisfaction is due to the purchaser's mismanagement.    p. 207.

5.   SALES.—*Evidence that stucco made at same time from same batch of material, shipped at same time, and used about same time of year, was of 'good quality and durable, was properly admitted, especially where there was evidence that stucco sold was improperly applied.*—In an action for the price of stucco sold to defendant, who pleaded breach of implied warranty of quality and fitness for purpose for which purchased, evidence that stucco made at the same time from the same batch of material, shipped at the same time, and used about the same time of year, was of good quality and durable, was properly admitted, especially where there was evidence that stucco sold was improperly applied.    p. 208.

From Putnam Circuit Court; *James P. Hughes,* Judge.

Action by the American Magnestone Corporation against James N. Halstead.    From a judgment for plaintiff, the defendant appeals.    *Affirmed.*    By the court in banc.

*Bernard C. Craig,* for appellant.

*Miller & Englehart* and *Corwin & Gillen,* for appellee.

NICHOLS, J.—Action by appellee on account, in which it seeks to recover for stucco sold appellant.

To the complaint, appellant filed answer in two paragraphs, the first being a general denial and a second alleging a breach of implied warranty, and asking recoupment. To this paragraph, appellee filed a general denial.

There was a trial by the court which resulted in a judgment for appellee in the sum of $992.90 and against appellant on his demand for recoupment.

The only error assigned is that the court erred in overruling appellant's motion for a new trial.

We give no consideration to appellant's contention that appellee, being a foreign corporation, must allege and prove that it has complied with §4914 Burns 1, 2. 1926, §4090 Burns 1914, before it can maintain its action, for the reason that no such question was presented to the trial court.

Appellant earnestly contends that the court erred in admitting in evidence appellee's "Exhibit," which, so far as we are able to determine, seems to have been 3. a book of instructions and specifications. But neither such exhibit, nor any abstract or synopsis thereof, appears in appellant's statement of the evidence. Appellee sets out what purports to be a synopsis of the exhibit, but nowhere, either in appellant's brief or in appellee's brief, are we apprised of appellant's objection to this evidence, if any there was. Nothing, therefore, as to this point is presented.

Appellant rightly states the rule to be that if an article is sold at a fair price and the seller knows that it is purchased for a particular use, there is an implied warranty that it is fitted for such use. 4. Brenton v. Davis (1847), 8 Blackf. 317, 44 Am. Dec. 769; Merchants Nat. Bank v. Nees (1915), 62 Ind. App. 290, 110 N. E. 73. But it is equally well settled that a warranty of quality or fitness for a purpose con-

templates reasonably good management in the use of the article by persons of ordinary skill and experience, and the warranty is not broken where the failure of the article to give satisfaction is due to mismanagement of the purchaser. *Burke* v. *Keystone Mfg. Co.* (1897), 19 Ind. App. 556, 48 N. E. 382; 35 Cyc 420.

There was evidence that there was an improper mixture of the ingredients of the stucco, and that there was an improper application of it to the building being stuccoed. There was also evidence of the good quality and durability of stucco procured from the same batch of material as was the material furnished appellant, made at the same time, shipped at the same time, and used at about the same time of year. This evidence was clearly proper, and the court committed no error in admitting it. *Sheffield-King Milling Co.* v. *Spink Milling Co.* (1923), 81 Ind. App. 208, 141 N. E. 533; *Economy, etc., Powder Co.* v. *Compton* (1922), 192 Ind. 222; 135 N. E. 1; 35 Cyc 570; 11 Ency. of Evidence 542.

We find no reversible error. Judgment affirmed.