INDESTRUCTIBLE WHEEL COMPANY *v.* RED BALL BODY CORPORATION.

[No. 14,754.   Filed March 25, 1935.]

*Robinson, Symmes & Melson,* and *Rogers & Smith,* for appellant.

*Jackiel W. Joseph,* and *Linn D. Hay,* for appellee.

BRIDWELL, J.—Appellant commenced this action seeking to recover an alleged indebtedness owing to it from appellee on open account for goods and merchandise sold and delivered to appellee. Appellee filed its answer to the complaint in two paragraphs, the first being a general denial, and the second alleging in substance that prior to May 7, 1927, appellee was engaged in the manufacture of Red Ball trucks, and for a long period of time had purchased wheels from appellant which it used in the construction of a four-wheel truck. That in

1926 appellee contemplated the building of a six-wheel truck, the parts of which were to be assembled by it in its factory at Frankfort, Indiana; that, thereupon, appellee consulted with the appellant, and appellant recommended the use of a steel disk wheel manufactured by it as suitable in all ways for use on said Red Ball truck; that appellee placed an order with appellant for steel disk wheels of its manufacture, and assembled said wheels in the trucks so being built by it; that appellee sold four or five trucks of its manufacture, and immediately, the trucks, when being put to use, developed trouble in the steel wheels; that the wheels were defective and so constructed that the rim was riveted to the disk, and when used the rivets became loose in the rim; that immediately upon discovering this defect appellee exhibited the defective wheels to appellant and requested that it furnish a wheel that would properly carry the load imposed upon the truck; that appellant stated to appellee that their wheels were properly constructed; that appellee should proceed to replace the defective wheels out of the stock on hand which it had, and that appellant would either replace them or give credit to appellee for the wheels so replaced; that, thereupon, appellee returned to appellant the defective wheels so received by it, and appellant undertook to repair the same, but the wheels continued to be defective, and it was impossible to repair them so that the same could be used; that appellee returned to the appellant as defective, wheels in the amount of $3,000, for which amount appellee is entitled to credit, and for which amount it is entitled to a set-off against the claim of appellant. Appellee also filed a cross-complaint against the appellant, alleging therein in substance that prior to 1926, it was engaged in the manufacture of Red Ball trucks, and in said year contemplated the building of a six-wheel truck, the parts of

which were to be assembled by cross-complainant at its factory in Frankfort, Indiana. That appellee (cross-complainant) consulted with appellant (cross-defendant) as to the type and kind of wheels to be used for said truck, and appellant recommended the use of a steel disk wheel as being suitable in all ways for said six-wheel truck, and thereupon, appellee placed an order with appellant for steel disk wheels of its manufacture, and thereafter, the same were delivered to appellee and used by it in the manufacture of its trucks; that the wheels were defective and known by the cross-defendant to be defective in this, that they were riveted around the rim and from use the rivets became loose and the wheel defective; that the cross-complainant had sold numerous trucks, using the wheels so manufactured by appellant, and that by reason of the defective wheels the trucks were turned back to appellee, and it was put to large loss and damage thereby; that the appellant, at the time of selling and delivering said wheels, impliedly warranted that they were usable for the purpose contemplated by the appellee, that is, for use on a six-wheel truck, and that by reason of said breach of warranty, appellee has been damaged in the sum of $10,000. The issues were closed by appellant filing a reply in general denial to appellee's second paragraph of answer, and an answer in general denial to appellee's cross-complaint. The cause was submitted to the court for trial upon the issues thus formed, and there was a general finding for appellee on the appellant's complaint, and for appellee on its cross-complaint, for damages in the sum of $2,500. Judgment was rendered that appellant take nothing by its complaint, and that appellee recover of and from appellant the sum of $2,500, and costs. Appellant filed its motion for a new trial, and the causes therefor, as stated in said motion, are: That the decision of the court is not sustained by sufficient evidence; that the

decision of the court is contrary to law; that the damages are excessive; error in the assessment of the amount of recovery by appellee in that said amount is too large; error in the admission of evidence and in sustaining appellee's motion to strike out certain evidence given at the trial.

Appellant in its brief under the heading "Propositions and Authorities" has failed to discuss the claimed errors in the admission of testimony, and in the court's ruling on motion to strike out certain evidence given, and such errors, if any, are, therefore, waived.

Appellant contends that this case was tried, so far as the cross-complaint is involved, on the theory that appellee was entitled to recover damages for breach of an implied warranty, and that the wheels purchased by appellee from it were suitable for a specific purpose, i. e. for use on a six-wheel truck. That there is no evidence upon which a recovery on said theory can be based, because it is asserted the evidence without conflict shows that appellee and its engineer furnished the data for the construction of said wheels, and that such wheels were built and constructed as specified and ordered by appellee, which relied upon its own judgment and the opinion of its own engineer, and that the wheels so furnished were built and constructed in accordance with the design and specifications, and that under such circumstances there can be no implied warranty, and hence no right of recovery on behalf of appellee.

Appellee contends that it consulted with appellant, a manufacturer of wheels for use on trucks, and informed appellant that it contemplated changing the type of construction of trucks which it manufactured from a four-wheel truck to a six-wheel truck, and that appellant suggested to it a type of wheel suitable to use on a six-wheel truck; that its suggestion concerning said wheels was

accepted, and an order for wheels of that design given; that said wheels proved defective and unfit for use for the purpose for which they were intended, and that when articles are ordered from the manufacturer thereof, for a special purpose, there is an implied warranty that such articles are fit for the particular purpose which the parties had in mind; that the wheels were unfit for use on a six-wheel truck and were entirely unsuitable for such use, and that appellee used said type of wheel, sold numerous trucks equipped therewith, and thereafter, was compelled to replace such wheels and pay damages to purchasers of said trucks, which they had suffered on account of unfitness of the wheels so purchased for use in connection with a six-wheel truck.

It may be stated as a general proposition that where and article is manufactured or sold for a special purpose, the manufacturer or dealer who makes the sale of such article with knowledge of the purpose for which it is to be used will be held to have impliedly warranted the article to be reasonably suitable and fit to serve the purpose for which it is manufactured and sold. This general rule is subject, however, to certain well recognized limitations and exceptions, and if the article manufactured and sold is specifically and definitely described in a contract, or where it is to be a particular design or pattern, well defined and understood between the parties, and where the article furnished conforms in all respects with the description as specified in the contract of sale, the law will not raise an implied warranty that it shall answer the particular purpose for which the buyer intends to use it even though the buyer makes known to the seller the purpose for which the article is intended. But where a person desiring to purchase an article for a particular purpose applies to a manufacturer or dealer in such articles, and informs him of the specific purpose for which he desires to use

the article to be purchased, relying on the superior knowledge and judgment of the seller, and leaving the seller free to exercise his judgment in manufacturing or selecting an article suitable for such purpose, the law does imply a warranty by the seller that the thing furnished is reasonably fit and suitable to serve the known purpose for which it is intended. *Michigan Pipe Company* v. *Sullivan County Water Company* (1920), 190 Ind. 14, 127 N. E. 768; *McClamrock* v. *Flint* (1884), 101 Ind. 278.

The evidence in the record is conflicting, but there is evidence tending to prove that appellee had been a customer of appellant for several years prior to the time that it decided to embark upon the manufacturing and assembling of six-wheel trucks for sale; that it had purchased wheels for use on its four-wheel trucks from appellant, and they had proven satisfactory; that appellee did consult appellant and informed it of the proposed change of the number of wheels to be used on trucks in the future, talking the matter over with officers of appellant and in the presence of its own engineer; that appellee stated the size wheel it desired to use, but left it to appellant to manufacture the wheels in accordance with its judgment as to what was sufficient, and placed an order for wheels to be used on its six-wheel trucks; that upon the sale of trucks so equipped trouble with the wheels began within two months after said trucks were placed in use; that the rivets would become loose and become cut and loosened from the outer rims of the wheel, and the tires of said wheels would roll off; that attempts to repair said wheels were made by the appellant when the difficulty was reported to it, but that said wheels could not be repaired so as to prove serviceable for any length of time; that the superintendent of appellant's factory, upon examination of said wheels after they had been in use, found

that they were constructed of steel which was too light; that appellee was told to use extra wheels that it had to replace the damaged wheels, and that it would be given credit for such damaged wheels. There is also evidence to the effect that when appellee's customers who had purchasd a truck from it began to have trouble with the wheels of said truck, that appellee reported the difficulty to appellant, and was advised by it to replace the wheels and make the best settlements possible to be made, and that appellee did adjust these difficulites and has been at an expense in replacing wheels and in the settling of claims in excess of the amount of recovery allowed to it on its cross-complaint.

Appellant, however, further contends that the evidence is not sufficient to sustain the decision for the reason that there is no evidence to prove the value of the wheels as they were delivered and the value of the wheels ordered, and that since no difference in value is proven there is no basis for the recovery of damages. "Where things are sold for a particular use, damages for a breach of warranty are not confined to the difference between the value of the goods as they were, and as they would have been if as warranted, but include 'all such consequential damages as are the direct, immediate and probable result of the breach.'" *Edwards Mfg. Co.* v. *Stoops* (1913), 54 Ind. App. 361, 368, 102 N. E. 980.

Whether appellee relied upon appellant's judgment and skill in designing and manufacturing the particular wheels involved, or upon its own judgment as to the kind of wheel to be used, and whether the sale was made under circumstances that the law would imply a warranty, were questions of fact presented for the determination of the court trying the cause.

We have read the evidence, and find that there is evidence to sustain the decision of the court, and evidence

concerning damages from which the court might have found that appellee herein had suffered damages to an extent greater than the amount allowed. That this court will not weigh the evidence has been so often decided, and is so well established, that citation of authority is not required.

Finding no reversible error the judgment is affirmed.