MIDDLEBY-MARSHALL OVEN COMPANY *v.* WAGONER

[No. 15,914.   Filed February 27, 1939.]

*Paul H. Schmidt, George R. Ranes,* and *Edward E. Contarcy,* for appellant.

*E. Menzies Lindsey,* for appellee.

LAYMON, J.—This is an action instituted by appellant to recover from appellee the balance due upon a promissory note executed by appellee, as a part of the purchase price of a certain oven sold and delivered by it to appellee, and to foreclose a chattel mortgage given to secure the payment of the note, also to recover upon an alleged open account due from appellee.

The complaint was in three paragraphs, to which appellee answered in general denial. Appellee filed a second paragraph of answer, alleging in substance that he and appellant had entered into a written contract for the purchase and sale of a certain oven at a price of $635; that the note sued upon was executed by appellee as a part of the purchase price; that appellee received no other consideration for the execution of the note; that as a part of the contract appellant guaranteed that the oven would bake in a first-class manner when installed in appellee's bakery; that appellee relied upon this warranty; that appellant installed the oven in appellee's shop; that the oven did not bake in a first-class manner and could not be operated so as to bake in a first-class manner, thereby damaging the products which appellee attempted to bake; that the oven, while in use, permitted gases to escape; that appellee notified appellant of the failure of the oven to bake in a first-class manner, and appellant attempted to repair it, but failed to do so; that by reason thereof the oven was not worth more than $300; and that appellee paid to appellant on the purchase price of the oven the sum of $450, which was more than the oven was worth. Appellee prayed judgment for costs.

Appellee also filed a counterclaim in which he sought to recover damages from appellant because of the breach of warranty. In addition to the facts alleged in his second paragraph of answer pertaining to the failure of the oven in question to bake properly, appellee alleged: That he was engaged in the bakery business in the city of Evansville, Indiana; that he baked bread and various pastry products in large quantities daily and had regular customers engaged in the retailing of such products to whom he made daily deliveries, all of which appellant well knew and understood; that by reason of the failure of the oven to bake in a first-class manner, and as a direct result thereof, appellee lost business and suffered damages in his business to the extent of $500; and that by reason of said breach of warranty appellee has been damaged in the sum of $1,000.

Appellant filed a reply in general denial to the second paragraph of answer and an answer in general denial to appellee's counterclaim.

The cause was submitted to the court for trial without the intervention of a jury, and upon proper request the court made its special finding of facts and stated its conclusions of law thereon, which were signed and properly filed. The facts, as found by the court, concisely stated, are: That on November 25, 1932, appellant and appellee entered into a written contract for the sale and purchase of an oven; that pursuant to such contract appellant installed in appellee's bakery an oven of the size and type contracted for; that appellee paid on the purchase price $200 cash; that the note sued upon was executed by appellee in payment of the balance of the purchase price of said oven—to-wit, $435, and appellee received no other consideration whatever for the execution of said note; that appellee paid on said note the sum of $250, leaving a balance of $185; that as a part of the contract for the sale and purchase of said oven, ap-

pellant guaranteed in writing that said oven would bake in a first-class manner when installed in the bake shop of appellee; that appellee relied upon said warranty and was thereby induced to enter into said contract; that when said oven was so installed by appellant, pursuant to said contract, said oven failed to bake in a first-class manner and could not be operated so as to bake in a first-class manner; that if said oven had been as it was warranted to be, it would have been of the value of $635, but it was actually of no value because it would not bake in a first-class manner; that as a proximate result of appellant's breach of warranty of said oven, appellee has been damaged in the sum of $750. Upon the facts specially found the court concluded that appellant should recover nothing on its complaint and that appellee should recover judgment against appellant on his counterclaim in the sum of $750. The court rendered judgment accordingly.

Appellant excepted separately and severally to each conclusion of law, and, in due time, filed its motion for a new trial containing the grounds that the decision of the court is not sustained by sufficient evidence, the decision of the court is contrary to law, and the assessment of the amount of recovery is erroneous, being too large. The motion was overruled, and this appeal followed. The errors assigned for reversal are error of the trial court in (1) each of its conclusions of law, and (2) overruling the motion for a new trial.

Appellant contends that the conclusion of law on the issue submitted by the appellee's counterclaim and appellant's answer thereto to the effect that appellee recover judgment against appellant on its counterclaim in the amount of $750, "has no supporting basis whatsoever in the special finding of facts in reference thereto, such findings not being sufficient to support a judgment thereon." Appellant, in its brief under Propositions, Points and Authorities, has stated several abstract

propositions or points of law, but fails to specifically point out wherein the finding of facts is deficient and insufficient to support the conclusions of law complained of. Nevertheless we have examined them, in view of the complaint made, and conclude that they are sufficient.

Complaint is made of the amount of damages awarded appellee upon his counterclaim, the contention being that appellee paid the sum of $450 on the purchase price of the oven which he now, claims is worthless; that there was no proof whatsoever of any specific or other damage to himself; and that if there were any such evidence, there is no possibility of construing the evidence in any manner so as to have made an award or judgment to appellee in an amount in excess of $450.

". . . where things are sold for a particular use, damages for a breach of warranty are not confined to the difference between the value of the goods as they were, and as they would have been if as warranted, but include 'all such consequential damages as are the direct, immediate and probable result of the breach.' " *Edwards Mfg. Co.* v. *Stoops* (1913), 54 Ind. App. 361, 368, 102 N. E. 980; *Indestructible Wheel Co.* v. *Red Ball Body Corp.* (1935), 100 Ind. App. 150, 194 N. E. 738.

There is evidence in the record to the effect that for approximately nine months, from January to October in the year 1933, while appellee was using the oven and attempting to bake with it, that he lost from four to five dozen rolls in every baking, and not less than $5 a day.

Appellant insists that to set up a defense of breach of warranty or to recover damages for a breach of warranty it is necessary to prove that the alleged defect is such as is included in the provisions of the warranty, and the showing that appurtenances and attachments do not function properly or that a combination of the appurtenances and attachments and the warranted

article did not function properly is not sufficient to show that the article warranted is not as it was warranted to be. In this regard appellant contends that the gas burner unit was installed by the gas company; that the failure of the oven to bake properly was due to the gas burners and the improper use of them, and not by reason of any defect in the oven itself. This contention is not borne out by the evidence. To the contrary there is ample evidence to sustain the finding of the trial court that the failure of the oven to bake satisfactorily was due to the condition of the oven itself.

Appellant insists that a warranty of quality contemplates reasonably good management in the use of the article on the part of the purchaser, and, if such management is not shown, the purchaser cannot succeed in setting up breach of warranty as a defense or recover damages for the breach of such warranty. The rule which appellant has in mind, more properly stated, is that a warranty of quality or fitness for a purpose contemplates reasonably good management in the use of the article by persons of ordinary skill and experience, and the warranty is not broken where the failure of the article to give satisfaction is due to mismanagement of the purchaser. *Burke* v. *Keystone Mfg. Co.* (1898), 19 Ind. App. 556, 48 N. E. 382; *Halstead* v. *American Magnestone Corp.* (1926), 84 Ind. App. 205, 149 N. E. 698; 35 Cyc. 420.

Applying this rule to the facts in the instant case, there was ample evidence to warrant the trial court in concluding that appellee and his help were persons of ordinary skill and experience and that the fact that the oven did not bake in a first-class manner was not due to any mismanagement or improper operation by the purchaser.

The fact that this court cannot weigh evidence precludes us from giving consideration to other conten-

tions made by appellant as to the effect and legal significance which the trial court should or may have given to certain portions of the evidence. Finding no reversible error, the judgment is affirmed.