SCHAEFER, ETC. *v.* FIEDLER

[No. 17,334.   Filed November 5, 1945.]

228

*S. K. Frankenstein,* of Fort Wayne, for appellant.

*Bloom & Bloom,* of Columbia City, for appellee.

FLANAGAN, J.—This action was brought by appellant against appellee by a complaint in two paragraphs, the first upon open account and the second for money had and received. To this complaint appellee filed a general answer of admittance and denial and a set-off in two paragraphs alleging breach of contract. The trial was to the court which found generally for the appellant on his first paragraph of complaint in the sum of $239.50 and for the appellee on his first paragraph of set-off in the sum of $846.50. Appellant's motion for a new trial was overruled and judgment rendered for appellee in the sum of $607.00, the difference between the two findings.

The sole error assigned upon appeal is the overruling of appellant's motion for a new trial which challenges the sufficiency of the evidence to support the finding on the set-off and the amount thereof.

The paragraph of set-off here involved charges that on July 1, 1937, by written contract and for the sum of $800.00 then paid, appellee purchased from the appellant a farm combine which was delivered during the 1st week in July; that appellant breached its contract in four particulars: (1) by delay in delivery; (2) by failure to deliver at the place named in the contract; (3) by failure to assemble the machine; and (4) by breach of the warranty of fitness for the purpose purchased.

Appellant presents eight contentions: (1), (2), and (3) that the evidence fails to show breach of the contract in any of the first three particulars charged by

appellee; (4) that appellee waived his rights as to breach of warranty by failing to give the notice thereof required by the contract; (5) that appellee cannot recover for breach of warranty because the contract confines him to the remedy of rescission; (6) that the court in assessing the damages allowed for the difference between the actual value of the combine as delivered and as warranted plus consequential damages, whereas the amount of recovery should have been confined to the first element; (7) that there is no evidence as to the value of the combine as delivered; and (8) that the items allowed as consequential damages do not qualify as such.

On the question of lateness of delivery the evidence shows that the date for delivery was left blank but that appellant verbally agreed to deliver in time for combining appellee's wheat crop; that this crop was ready for combining when the contract was signed; that the machine was bought f. o. b. the factory and was delivered during the first week in July. The exact date is not shown. We agree with appellant that this evidence not only fails to show breach of the contract for delay in delivery but in fact shows prompt delivery.

On the question of failure to deliver at the place called for in the contract the evidence shows that the combine was to be delivered at appellee's farm; that appellant advised appellee that it had arrived at Bremen, Indiana, and offered to make the delivery to the farm but that appellee, needing the implement and being in a hurry to obtain it, volunteered to go to Bremen after it; that appellant and appellee went together to Bremen the next day each driving his own truck; that appellee brought back his combine and appellant got one for another customer. This voluntary

action on the part of appellee in the face of appellant's offer to deliver clearly does not constitute a breach of contract to deliver at the farm on the part of appellant.

On the question of failure to assemble, the evidence shows that when appellee arrived at his farm with his combine he immediately proceeded to assemble it and when appellant came there two days later the job was practically done. Here again there is no showing of unreasonable delay in the assembling by appellant and the voluntary action of appellee cannot constitute a breach of the agreement to assemble the machine on appellant's part.

We proceed to examine the contentions concerning breach of warranty.

Appellant says the notice required by the contract was not given (1) because the contract requires a notice by registered mail which was not given, and (2) because the contract requires notice of any breach of warranty within three days after the first use of the combine and notice was not given until several months after its first use.

As to the first of these contentions the evidence shows that appellee notified the appellant by telephone and that appellant immediately went to the farm where appellee had the machine and attempted to put it in satisfactory working order. By accepting the notice which he did receive and acting upon it appellant waived his right to notice in the exact manner required by the contract. *McCormick Harvesting Machine Company* v. *Gray* (1885), 100 Ind. 285; *Springfield Engine and Thresher Company* v. *Kennedy* (1893), 7 Ind. App. 502, 34 N. E. 856; *Port Huron, etc., Co.* v. *Smith* (1898), 21 Ind. App. 233, 52 N. E. 106.

As to the notice being timely the evidence shows that the contract doe. call for notice of any breach of war-

ranty within three days from the first use of the machine; that it was used during the summer of 1937 by appellee to combine his wheat and oats crop; and that no notice of any kind was given until fall when appellee first attempted to use the implement for combining a crop of soybeans. But the evidence also shows that one of the principal purposes for which the machine was sold was for the combining of soybeans; that a special attachment for combining soybeans was included in the sale; and that no opportunity existed for trying the combine with the attachment on soybeans until the crop ripened in the fall. The provision for three days' notice must be construed to mean after its first use for each of the principal purposes for which it was bought. The notice was timely.

Appellant's next contention is that in any event appellee was not entitled to recover damages for breach of warranty because the contract expressly limits his remedy to rescission. The contract does provide that if the combine cannot be made to fulfill the warranty the dealer will furnish another machine or return the purchase price and the wording is such as to indicate that such remedy for the buyer shall be exclusive. But the evidence shows that appellee promptly notified appellant upon discovery that the combine would not fulfill the warranty; that appellant then tried to make it work satisfactorily and when he was unable to do so advised appellee to call another office in Kokomo; that appellee, with appellant present, called the Kokomo office and was promised that a man would come out; that the man did not come and appellee notified appellant again and asked for arrangements to return the machine to appellant; that appellant instead of making such arrangements had appellee keep the machine and agreed to sell it for him and get him

$650.00, appellee to use it until the purchaser was found; that appellant gave appellee $20.00 in cash to apply on the sum of $650 and sold him a plow for $182.00 with the agreement that the purchase price was to be credited against said sum of $650.00; and that appellant's agreement to sell the machine was never carried out and appellee finally traded it to another dealer for a combine that would do the work. These facts bring the case under the rule that where the seller, after receiving from the buyer a notice of breach of warranty and an offer to return the article purchased, solicits the buyer to retain it, he thereby waives the provision limiting the buyer's remedy to rescission. *McCormick Harvesting Machine Company* v. *Gray, supra; Springfield Engine and Threshing Company* v. *Kennedy, supra; Burke* v. *Keystone Manufacturing Company* (1898), 19 Ind. App. 556, 48 N. E. 382; *J. I. Case Threshing Mach. Co.* v. *Badger* (1914), 56 Ind. App. 399, 105 N. E. 576.

The remaining questions relate to damages.

Appellant says that if appellee is entitled to recover for breach of warranty he is limited to the difference between the value of the combine as delivered and as warranted; that consequential damages cannot be added. We do not agree with appellant. The Uniform Sales Act does not so limit the recovery. It provides: "In the case of breach of warranty of quality, such loss, *in the absence of special circumstances showing proximate damage of a greater amount,* is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty." (Our italics.) § 58-507, Burns' 1943 Replacement.

And the rule is settled by the decisions of this state that where articles are sold for a particular use damages for breach of warranty are not confined to the

difference between the actual value when delivered and the value as warranted, but include all such consequential damages as are the direct, immediate and probable result of the breach. *Edwards Mfg. Co.* v. *Stoops* (1913), 54 Ind. App. 361, 102 N. E. 980; *Indestructible Wheel Co.* v. *Red Ball Body Corp.* (1935), 100 Ind. App. 150, 194 N. E. 738; *Middleby-Marshall Oven Co.* v. *Wagoner* (1939), 106 Ind. App. 278, 19 N. E. (2d) 498.

Appellant next contends that there is no evidence as to the actual value of the combine when received. With this contention we agree. Appellee's evidence is that the machine worked satisfactorily on wheat and oats. The trouble was with combining soybeans. Therefore, it was not entirely worthless for the purpose for which it was bought. Some of appellee's neighbors testified that when they saw it working on the soybean crop it appeared to them to have no value. But clearly they were referring to its value for combining soybeans or as one said "as a general farm tool." The only other evidence of value was the trade-in allowance given after it had been used for more than a year. We must conclude that there is an absence of evidence as to the value of the combine when delivered.

The finding of the court necessarily included some of the items claimed by appellee as consequential damages.

The first item is for loss of profits because of inability to do soybean combining for others. Loss of profits because of inability to carry out a contract with another is not generally recoverable upon breach of warranty for such damage is not the usual, natural and probable consequence of the breach. If recoverable at all such loss must be recovered as special damages on the theory that they were actually in the contemplation of the parties and included in their agreement. See *Fuller* v. *Curtis* (1884), 100

Ind. 237 and *Weismann Motor Sales, Inc.* v. *Allen* (1939), 106 Ind. App. 284, 19 N. E. (2d) 505. Here there is not only a lack of the necessary evidence to warrant recovery of such profits as special damages but the testimony of appellant was that he did not purchase the combine to do custom work.

The next item is for the services of appellee and his wife for time required in combining his 1937 soybean crop in excess of the time which would have been required had the machine answered the warranty. The evidence is that after appellee knew that the machine would not work satisfactorily on soybeans he nevertheless proceeded to use it in combining his own crop and as a result the services of both himself and his wife were required for 15 extra days. But this loss was not the natural and proximate consequence of the breach of warranty. It was entirely due to the fact that appellee voluntarily used the machine after he knew that it would not work satisfactorily. A buyer cannot pile up damage by continuing to use an article when he knows that such damage will be the result and then claim that the loss is the proximate result of the breach of warranty. See *Fuller* v. *Curtis, supra.*

The final item of damage is the cost of repairs to the machine when parts broke while he was trying to use it for combining soybeans in the fall of 1938, a year after he had discovered the breach. This loss too was the result of his using the machine after knowing its condition and not the proximate result of the breach of warranty.

Judgment reversed with instructions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.

Bowen, J. not participating.

NOTE.—Reported in 63 N. E. (2d) 310.