DRILLING & SERVICE, INC. *v.* CATO ENTERPRISES, INC.

[No. 19,571. Filed June 17, 1963.]

*Steve C. Bach,* of Mt. Vernon, for appellant.

*Clements & McClellan* and *K. Richard Hawley,* of Mt. Vernon, for appellee.

CARSON, P. J.—This case comes to us on appeal from a judgment entered by the Circuit Court of Posey County, Indiana.

In the judgment the court found for the appellant, plaintiffs below, upon an account sued on in the amount of $945.07. The issues were formed on the plaintiff's complaint and the defendant's answer under Rule 1-3 of the Supreme Court of Indiana. The

appellee, as defendant below, filed a counter claim for breach of implied warranty on which the issues were formed by the plaintiff's answer to the counter claim under Rule 1-3, *supra*. The court rendered judgment on the counter claim in the amount of $926.62. The court then entered final judgment for the difference between the two awards resulting in a judgment in favor of the appellant in the amount of $18.45 and costs.

In the appellant's brief, questions are presented with respect to the sufficiency of the evidence, but the manner in which these questions are presented calls for us to weigh the evidence which, under the law, we are not permitted to do. The trial court is in a more favorable position to correctly weigh the evidence.

The appellant filed a motion for new trial setting out five grounds in support thereof. The real issue before us is presented by specification number five, which raises the question as to the admissibility of certain evidence of damage. In the counter claim filed by the appellee defendant we find the following allegation:

"2. The defendant further states that it purchased said bit in consideration of the implied warranty and that said bit would do the work for which such bits are normally used.

"3. That said bit was defective and there was a breach of said warranty as when said bit was used it broke and fell apart, causing damage to the defendant in the sum of ONE THOUSAND DOLLARS ($1,000.00), for which it prays judgment."

Under the above allegations the court, over the objection of the appellant permitted the appellee to introduce evidence of expenses to which the appellee

had been put in removing the broken bit from the drill hole.

The general rule of law on damages for breach of implied warranty allows recovery not only for the difference in value of the warranted article as delivered and its subsequent value after its failure to operate as it should, but also includes all such consequential damages as are the direct, immediate, and probable result of the breach. *Schaefer, etc.* v. *Fiedler* (1945), 116 Ind. App. 226, 63 N. E. 2d 310.

We believe that the trial court having before it the evidence of the plaintiff on its complaint and the defendant on its counter claim properly applied the legal test set out in the case of *Schaefer, etc.* v. *Fiedler, supra,* and the judgment is affirmed.

Judgment affirmed.

Cooper and Ryan, JJ., concur.

Clements, J., not participating.

NOTE.—Reported in 191 N. E. 2d 114.